## Swick, Appellant, *v.* School District of Tarentum Borough.

Argued January 19, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Edw. J. I. Gannon,* of *Hazlett, Gannon & Walter,* for appellant.

*O. K. Eaton,* with him *R. J. Esler,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, March 23, 1942:

This appeal is from an order entered by the court below, after a hearing de novo, sustaining the action of the board of school directors of the School District of the Borough of Tarentum in dismissing W. A. Swick, appellant, as a professional employee of the school district and directing that he be discharged.

For some years prior to June 19, 1936, appellant, W. A. Swick, was employed as principal of the Tarentum High School. On that date he was notified by the school board that he had one year within which to find a new

position or elect to stay at the end of that period as an ordinary teacher. On March 9, 1937, he received a second notice from the board that he would not be retained as principal the following year and was given until March 26, 1937, to accept the offer of a teaching contract. Appellant applied to the board for the teaching contract on March 25, 1937, the day before expiration of the period of election, but the board did not meet to pass upon his application until after passage of the Teachers' Tenure Act of April 6, 1937, P. L. 213, and he received no notification of appointment as teacher for the ensuing year until April 13, 1937. Under these circumstances, it was held that appellant had not waived his rights under the principal's contract and that he was entitled to a new contract as principal: *Teachers' Tenure Act Cases,* 329 Pa. 213, 238-39.

On February 15, 1938, the board executed a contract with appellant, as principal, for the school term 1937-38, and on the same date notified him of certain charges which had been made against him. The taking of testimony on these charges was commenced on February 28, 1938, the date fixed for hearing, before six of the seven members of the board, but was not completed, and the hearing was adjourned until March 3, 1938. On the latter date only five members of the board were present, the sixth member who was present on February 28, 1938, being absent on account of illness, and the board adjourned the hearing, over appellant's objection, without calling any witnesses. No further action was taken until September 15, 1938, on which date the board passed a resolution discontinuing the charges filed on February 15, 1938, and new charges were then made against appellant by a former member of the board. These charges included incompetency, wilful and persistent negligence, cruelty, and persistent and wilful violation of the school laws, and were substantially the same as those of February 15, 1938. After hearings, which the court below has found were conducted in a fair and impartial man-

ner, the board concluded that the charges, other than the charge of cruelty, had been sustained and, accordingly, adopted a resolution that appellant be dismissed.

Upon receiving notice of this action, appellant took an appeal to the common pleas, and requested a hearing de novo. Without making any findings of fact or conclusions of law as to the merits of the charges against appellant, the court sustained the appeal, on the grounds that the board had no legal right to adjourn or continue the hearing, once begun, over appellant's protest, and that a discontinuance of proceedings on the charges made against him on February 15, 1938, did not permit the filing of the same charges thereafter. On appeal to the Superior Court the order of the common pleas was reversed and the record remitted for further proceedings and disposition on the merits: *Swick v. Tarentum Boro. School Dist.*, 141 Pa. Superior Ct. 246 (allocatur refused, 141 Pa. Superior Ct. xxxiii).

At the ensuing hearing in the court below, the evidence taken before the board was made part of the record, by stipulation of counsel, as though given on the hearing de novo, and additional evidence was presented to the court. On December 9, 1940, the court filed its adjudication, in which it sustained the action of the board, on the grounds of wilful and persistent negligence and persistent and wilful violation of the school laws, and entered an order dismissing the appeal and directing that appellant be discharged. Exceptions filed by appellant were dismissed by the court en banc, after argument, as were also exceptions filed by the board to the trial judge's failure to sustain the charge of incompetency, and the present appeal was then taken.

On this appeal it is sought by appellant to relitigate, as part of the present case, certain procedural questions, unrelated to the merits, all of which were involved, considered, and finally and conclusively determined against him on the prior appeal to the Superior Court, and are not, therefore, now open to further review. See *Swick v.*

*Tarentum Boro. School Dist.*, supra. Accordingly, the only questions properly before us at this time are those relating to whether the findings of the court below as to alleged derelictions of duty on the part of appellant are sufficiently established by the evidence and, if so, whether the omissions shown, or any of them, constituted valid cause for his dismissal under section 1205 (a) of the School Code, Act of May 18, 1911, P. L. 309, as amended by the Act of May 29, 1931, P. L. 243, section 26, and the Act of April 6, 1937, P. L. 213, section 2, providing as follows: "The only valid causes for termination of a contract in accordance with the provisions of this section shall be—Immorality, incompetency, intemperance, cruelty, wilful and persistent negligence, mental derangement, persistent and wilful violation of the school laws of this Commonwealth on the part of the professional employe, or substantial decrease in the number of pupils or students due to natural causes." As to these matters we are unable to conclude that any of the material findings and conclusions of the court below are unsustained by the evidence or clearly erroneous, and we are, hence, of opinion that its order that appellant be discharged was just and proper, in the circumstances disclosed by the record, and must be affirmed.

The finding of persistent and wilful violation of the school laws is based principally upon appellant's omission to conduct monthly fire drills in the Tarentum High School during the school year 1936-37 and for some years prior thereto. Under the Act of May 12, 1911, P. L. 294, which applies not only to public schools having fire escapes, as appellant apparently contends, but to all public schools having fire escapes, appliances for the extinguishment of fires, or proper and sufficient exits as required by law, "either or all", and the Act of April 27, 1927, P. L. 450, which applies to all public schools as well as to private schools, it was appellant's duty, as "principal" or "teacher in charge" of the Tarentum High School, to conduct fire drills periodically in such school, not less

frequently than once a month, throughout the school term. The district superintendent of schools so instructed appellant, and directed that the drills for the high school be conducted in accordance with rules and regulations prepared by the State Fire Marshall, under the direction of the Superintendent of Public Instruction, which he delivered to appellant, providing, inter alia, as follows: "Fire drills must be held at least once a month. Oftener until pupils learn the signals and regulations." Appellant admits fire drills were not conducted monthly in the Tarentum High School, as prescribed and directed, and that he never held fire drills during the winter months, stating he "made it a point not to have fire drills in weather that would endanger the children's health." Four or five drills at most were conducted by appellant during the nine-month school year, at irregular intervals in the spring and fall, and drills were never conducted when the pupils were in chapel or assembly. This conduct on the part of appellant, in disregard of the statutes and regulations issued by the Superintendent of Public Instruction, and in defiance of the express directions of his immediate superior, the district superintendent of schools, amounted to a clear violation of the school laws and his contract, both persistent and wilful, as the court below found, and, in our opinion, affords ample justification, of itself, for his removal as principal. Compare *Ganaposki's Case*, 332 Pa. 550. As the opinion of the court below states: "The provisions of the statutes are mandatory, and are to be enforced in order that panics may be averted and tragedies prevented . . . While it may be a laudable resolution not to subject the children to the perils of inclement weather, this seems to be a rather lame excuse for failure to comply with a specific mandate which has for its purpose the prevention of loss of life. In our climate, it would seem that even during the winter there are times when this risk could safely have been taken. However that may be, the legislature, in the exercise of its power so to do, has specifically

undertaken to require that these drills shall be held, and it is not within the appellant's discretion to disregard its mandate or substitute his judgment in a matter so vital to the interests of the school children of this Commonwealth." But the order of the court below does not rest upon this finding alone. The court found further that appellant was guilty of wilful and persistent neglect of his duties, as principal, in that he failed to conform to accepted and recognized standards as to supervision of instruction, failed to hold proper faculty meetings, failed to give proper directions to teachers, and failed properly to coördinate the courses of study from year to year. These findings are clearly sufficient to sustain the charge of wilful and persistent negligence, as the court below held, and, being supported by competent evidence, they must be accepted by us on this appeal: *Horosko v. Mt. Pleasant Twp. Sch. Dist.*, 335 Pa. 369, 371; *Lane's Appeal*, 141 Pa. Superior Ct. 259, 262.

In addition to the matters already referred to, the evidence discloses that appellant failed to establish or enforce regulations calculated to preserve order in the hallways and in the incoming and outgoing of the students, although the need for such measures was repeatedly called to his attention by the district superintendent; that he failed to establish student participation in control of discipline, contrary to a resolution of the board of directors and the instructions of the superintendent directing that he do so; and that for a period of three years he neglected to schedule a weekly assembly of the students, over the repeated objections of the superintendent and in disregard of the express directions of the board, for the reason that there had been some disorder, which apparently he could not control, and because he thought it no longer advantageous to the school. While it may be that much of the evidence as to these complaints was too remote, in point of time, to warrant a finding of wilful and persistent negligence or, as the court below thought, indicated at most "a

tendency on the part of appellant to delay action and put off problems until another day", we think the court might well have concluded, as did the board, that this evidence, and other evidence disclosed by the record, including that relating to appellant's foolish maintenance of hostility between himself and his assistant principal, his failure to prepare proper schedules, and his giving of unauthorized credits and diplomas, was, nevertheless, amply sufficient to sustain a finding of incompetency. As is stated in the separate opinion filed by Judge PATTERSON: "It may well be that any single act of an administrative officer could not be invoked as a cause for dismissal, and yet when often repeated and when taken in connection with analogous actions indicative of a disregard for duty, defiance of supervisory authority, and general incompetence, the whole structure becomes a character index, evincing definite inaptitude for a place of authority, especially in our schools, where the welfare of the youth is vitally at stake . . . [Considered as a whole, the evidence indicates] a woeful lack of capacity that has too long endured."

Order affirmed at appellant's cost.