## Cerra, Appellant, *v.* East Stroudsburg Area School District.

Argued November 13, 1972. Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Peter J. O'Brien,* for appellant.

*Alex L. Bensinger,* for appellee.

*Robert Englesberg,* Assistant General Counsel for Pennsylvania Human Relations Commission, *Roy Yaffe,* Acting General Counsel, Pennsylvania Human Relations Commission, and *J. Shane Creamer,* Attorney General, attorneys for amicus curiae.

OPINION BY MR. JUSTICE EAGEN, January 19, 1973:

In September 1965, Cheryl Cerra, a married female, was employed by the East Stroudsburg School District in Monroe County [District] as a temporary professional employee. On June 20, 1967, upon the completion of two years of satisfactory service as a fourth-grade teacher, Mrs. Cerra entered into a written contract with the District under which she was given tenure. On July 17, 1967, the Board of School Directors of the District [Board] adopted a regulation requiring ". . . that any employee who becomes pregnant shall resign effective not later than the end of the fifth (5th) month of the pregnancy; . . ." On May 22, 1970, Mrs. Cerra received notice from the Superintendent of Schools of the District that her employment was terminated immediately because she was more than five months pregnant.[1] On June 29, 1970, after an evidentiary hearing, the Board passed a resolution sustaining the termination of Mrs. Cerra's contract, because: (a) of willful and persistent disobedience of a proper regulation of the Board, specifically, the regulation requiring resignation in the event of pregnancy; and (b) during the month of May 1970, "she lacked the physical ability or physical fitness to perform the required duties incident to her employment of teaching." Mrs. Cerra's offer to return to her employment with the

_____
[1] Mrs. Cerra gave birth to a child on July 27, 1970, after a normal term of gestation.

District at the beginning of the new school term in September 1970 was refused.

Mrs. Cerra filed a timely appeal from the Board's resolution with the Secretary of Education of the Commonwealth [Secretary], who, subsequently, filed an opinion and order sustaining the Board's action solely on the ground Mrs. Cerra had persistently and wilfully violated the regulation of the Board, requiring her to resign because of pregnancy. In his opinion the Secretary specifically stated the record ". . . fails to substantiate a charge of incompetency."

Mrs. Cerra then filed a petition for appeal from the Secretary's order in the Court of Common Pleas of Monroe County, pursuant to the provisions of Section 1132 of the Public School Code, Act of March 10, 1949, P. L. 30, as amended, 24 P.S. §11-1132.[2] After a hearing wherein the transcript of the testimony heard by the Board was made part of the record, that court "dismissed" Mrs. Cerra's appeal. In its opinion the court ruled Mrs. Cerra's contract was properly terminated, both on the ground of incompetency and persistent and willful violation of the Board's regulation as to pregnancy.

Mrs. Cerra then filed an appeal in the Commonwealth Court which later affirmed the order of the Court of Common Pleas,[3] Judges MENCER and KRAMER filed dissenting opinions. See 3 Pa. Commonwealth Ct. 665, 285 A. 2d 206 (1972). We granted allocatur and now reverse.

---

[2] Mrs. Cerra simultaneously instituted an action in assumpsit for salary due under her contract of employment with the District. A jury trial was waived and, after the testimony of the plaintiff was received, the transcript of the testimony taken at the hearing before the Board was made part of the record. In this action, the court entered judgment for the District.

[3] The majority opinion of the Commonwealth Court restricted its discussion to the legality and reasonableness of the Board's regulation requiring a teacher to resign in the event of pregnancy.

Under the Public School Code of Pennsylvania, supra, specifically, Art. V, §510, 24 P.S. §5-510, the board of school directors in any school district "may adopt and enforce such reasonable rules and regulations as it may deem necessary" regarding the conduct and deportment of all teachers during the time they are engaged in their duties to the district. However, under the Code, specifically, Section 1122, 24 P.S. §11-1122, a teacher's contract of employment may be terminated by the board only on certain specified grounds.[4] Instantly, the Board attempted to justify the termination of Mrs. Cerra's contract on two grounds, included in Section 1122 of the Code, namely, incompetency and willful violation of its school laws, specifically, her refusal to resign because of pregnancy, as required by the Board's regulation. For the reasons that follow we conclude the action of the Board was contrary to law.

While "incompetency" is a valid reason for the termination of a professional employee's contract with a school district (see Section 1122 of the Act of 1949, supra) a physical disability which results only in a teacher's temporary absence from his or her duties is not such incompetence as the statute contemplates. Otherwise, a temporary absence from service for an appendectomy, for example, would be such incompetence as to justify the termination of a teacher's contract. The statute intended no such unrealistic meaning of "incompetency".

---

[4] Section 1122 of the Act of 1949, pertinently states in part: "The only valid causes for termination of a contract heretofore or hereafter entered into with a professional employe shall be immorality, incompetency, intemperance, cruelty, persistent negligence, mental derangement, advocation of or participating in un-American or subversive doctrines, persistent and wilful violation of the school laws of this Commonwealth on the part of the professional employe. . . ."

The finding of the Secretary that the instant record "fails to substantiate the charge of incompetency" was eminently correct. According to the uncontradicted testimony, Mrs. Cerra performed her teaching duties satisfactorily and continuously until May 22, 1970, when her services were suspended by the District's superintendent. This was twelve days prior to the end of the 1969-1970 school term. It is also undisputed in the record that as of September 1970, the beginning of the school term for 1970-1971, Mrs. Cerra was physically and mentally fit to resume her teaching duties. Even assuming during the month of May 1970, Mrs. Cerra "lacked . . . the physical fitness . . . to perform the required duties incident to her employment of teaching", this, in itself, is not "incompetency" under the Code.

The Court of Common Pleas in sustaining the Board's finding of incompetency relied mainly on *Brown's Case,* 151 Pa. Superior Ct. 522, 30 A. 2d 726 (1943), aff'd 347 Pa. 418, 32 A. 2d 565 (1943). However, in *Brown* the dismissal was not because of pregnancy, but rather because the teacher "became incompetent (*for an extended period*) due to her physical incapacity to discharge her duties." The instant record fails to justify such a finding.

The issue of incompetency need not detain us further for it is abundantly clear from the record that the true reason for Mrs. Cerra's dismissal was her refusal to resign at the end of the fifth month of her pregnancy, as required by the Board's regulation. Hence, the real issue posed by this appeal is the legality of the Board's action in terminating Mrs. Cerra's contract for refusing to resign in accordance with this specific regulation. We have no hesitancy in reaching the conclusion that the Board's action was violative of the Pennsylvania Human Relations Act, Act of October 27, 1955, P. L. 744, as amended, 43 P.S. §955(a), and, therefore, was

illegal. In view of this conclusion, it is unnecessary to determine if Mrs. Cerra's rights to Equal Protection and Due Process under the Fourteenth Amendment to the United States Constitution were also violated. But see and compare, *LaFleur v. Cleveland Board of Education*, 465 F. 2d 1184 (6th Cir. 1972), and *Cohen v. Chesterfield County School Board*, 326 F. Supp. 1159 (E.D. Va. 1971), aff'd, 467 F. 2d 262 (4th Cir. 1972).[5]

The Act of 1955, supra, forbids discrimination in employment on the basis of race, color, religious creed, ancestry, age, sex or national origin.[6] School Districts are subject to the Act. See 43 P.S. §954(b).

As noted before, Mrs. Cerra's contract was terminated absolutely, solely because of pregnancy. She was not allowed to resume her duties after the pregnancy ended, even though she was physically and mentally competent. There was no evidence that the quality of her services as a teacher was or would be affected as a result of the pregnancy. Male teachers, who might well be temporarily disabled from a multitude of illnesses, have not and will not be so harshly treated. In short, Mrs. Cerra and other pregnant women are singled out and placed in a class to their disadvantage. They are discharged from their employment on the basis of a physical condition peculiar to their sex. This is sex discrimination pure and simple.

---

[5] For a scholarly discussion of the constitutional problems involved, see also Mandatory Maternity Leave of Absence Policies— An Equal Protection Analysis, 45 Temple Law Quarterly 240 (1972).

[6] In relevant part, the Act of 1955 provides: "It shall be an unlawful discriminatory practice, unless based upon a bona fide occupational qualification . . . (a) For any employer because of race, color, religious creed, ancestry, age, sex or national origin of any individual to refuse to hire or employ, or to bar or to discharge from employment such individual, or to otherwise discriminate against such individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment, . . ."

While it is true that Section 5 of the Act of 1955, supra (43 P.S. §955), includes an exception to the proscriptions against discriminatory practices, when such practices are based on a bona fide occupational qualification, the record fails to substantiate such a bona fide qualification in this case. Cf. *Griggs v. Duke Power Company*, 401 U.S. 424, 91 S. Ct. 840 (1971) ; *Weeks v. Southern Bell*, 408 F. 2d 228 (5th Cir. 1969) ; and *Bowe v. Colgate Palmolive*, 416 F. 2d 711 (7th Cir. 1969).

It is argued that the regulation involved is proper because it insures continuity in classroom instruction and alleviates burdensome administrative problems. But, these problems are not confined to pregnancy cases. They also flow from the absence from duty of any teacher suffering any temporary disability, even that disability incident to the common cold. Moreover, efficiency is not the only value to be considered. See *Stanley v. Illinois*, 405 U.S. 645, 92 S. Ct. 1208 (1972).

The orders of the courts below are reversed, and the record is remanded to the court of original jurisdiction with directions to proceed consonantly with this opinion.

Mr. Chief Justice JONES took no part in the consideration or decision of this case.