Barbara Goetz, Appellant, *v.* Norristown Area School District, Appellee.

Argued October 7, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Richard W. Rogers,* with him *Rogers, King & Daniels,* for appellant.

*Horace A. Davenport,* with him *Gerber, Davenport & Wilenzik,* for appellee.

OPINION BY JUDGE ROGERS, November 21, 1974:

Barbara Goetz, a past and present teacher in the

Norristown Area School District, has appealed from an order of the Court of Common Pleas of Montgomery County dismissing her complaint in mandamus by which she sought an order directing her employer to pay her the amount of money which she would have received during the interval between the time of her discharge from her position by the school board and her reinstatement on order of the State Secretary of Education.

The facts were established by written stipulation entered in the court below. The appellant was first suspended and later discharged because she refused to resign her position after five months of pregnancy as required by a school board regulation. She appealed her employer's actions to the Secretary of Education who held that the regulation was invalid and ordered her reinstatement.[1] The Secretary's order was not appealed by the board. The appellant would have earned $8921.76 in the interval between her suspension and reinstatement.

Section 1130 of the Public School Code of 1949, Act of March 10, 1949, P. L. 30, *as amended*, 24 P.S. §11-1130 provides in part: "In all cases where the final decision [of a disciplinary action] is in favor of the professional employe, the charges made shall be physically expunged from the records of the board of school directors, but a complete official transcript of the records of the hearing shall be delivered to the one against whom the charges were made. *In all such cases there shall be no abatement of salary or compensation.*" (Emphasis supplied.) This provision of statute clearly establishes the appellant's right to her salary during the

---

[1] The Secretary's order presaged the holding of our Supreme Court in *Cerra v. East Stroudsburg Area School District*, 450 Pa. 207, 299 A. 2d 277 (1973) that a regulation of the kind which led to the appellant's discharge is violative of Section 5(a) of the Pennsylvania Human Relations Act, Act of October 27, 1955, P. L. 744, *as amended*, 43 P.S. §955(a).

period of her illegal discharge.

The dismissal of the complaint by the court below seems to have been based upon its conclusion that mandamus was an inappropriate form of action for the relief sought and because regulations of the Human Relations Commission suggest that the plaintiff would have been entitled to a maternity leave without pay. While assumpsit might have been a more appropriate form of action, the defendant not only stipulated the exact amount of salary to which the plaintiff would have been entitled if her discharge was improper and that the appellant had applied for and been denied a maternity leave, it filed a responsive answer to the complaint averring that it was raising no objection to the plaintiff's entitling the action as in mandamus. Furthermore, there was no stipulation as to the work-time the plaintiff would have necessarily lost by her confinement. This item would have been in mitigation of damages and the burden of proving it would have been on the defendant school district. It follows that it was the district's burden, which it did not assume, to include this fact in the stipulation. *See Spiese v. Mutual Trust Co.,* 258 Pa. 414, 102 A. 119 (1917). To delay the resolution of this controversy just to vindicate a feeling for the niceties of pleading would be poor judicial administration indeed.

Order reversed; the complaint is reinstated and judgment entered directing the appellee, Norristown Area School District, to pay the appellant, Barbara Goetz, the total sum of $8921.76 together with interest at the rate of 6% per annum calculated from the due date of each unpaid installment of salary which would have accrued during the period from the date of appellant's suspension, pending the board's hearing, and the date of her reinstatement.

CONCURRING AND DISSENTING OPINION BY JUDGE WILKINSON:

I must respectfully concur in part and dissent in part. It is agreed by all that the School Board, in refusing the requested maternity leave and discharging the appellant, was properly within its rights as the law was then being interpreted. However, subsequent interpretations and regulations, including the decision of our Supreme Court in *Cerra v. East Stroudsburg Area School District*, 450 Pa. 207, 299 A. 2d 277 (1973), as set forth in the majority opinion, make it clear that appellant was entitled to the maternity leave from April 27, 1970, until the beginning of the second semester of the 1970-71 school year. By her own written statement, the appellant has established that she was not available "for reasons of health" to perform her services under the contract during that period.

In my opinion, the appellant herself has established that she is not entitled to be paid for the period during which she requested and should have been granted a leave. I agree with the majority opinion that it was the appellee's burden to show that appellant was unable to return when the second semester of the 1970-71 school year began, if such was the case. Therefore, I would award appellant damages, assuming, as the majority opinion does that this is being treated as an action in assumpsit, for the pay she would have received from the beginning of the second semester of the 1970-71 school year until she was reinstated by the appellee. I would follow the action of the Supreme Court of Pennsylvania in *Cerra, supra,* not only on its ruling on the merits that discharge for pregnancy was improper, but also on the procedure to remand to the court of original jurisdiction, with directions to proceed consonantly with this opinion.