Dauphin County Technical School Education Association *v.* Dauphin County Area Vocational-Technical School Board, Appellant. Elaine Hoppe, Intervening Appellant.

Argued March 3, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*James F. Carl* and *Michael Ira Levin*, with them, *Metzger, Wickersham, Knauss & Erb*, for appellant.

*Charles J. DeHart, III*, with him *Caldwell, Clouser & Kearns*, for intervening appellant.

*Clarence C. Morrison*, for appellee.

*William Fearen*, with him *Cleckner & Fearen*, for Pa. School Boards Association.

OPINION BY JUDGE BLATT, May 27, 1976:

The Dauphin County Area Vocational-Technical School Board[1] (Board) entered into a collective bargaining agreement (agreement) effective July 1, 1974 with the Dauphin County Technical School Education Association (Association) pursuant to the Public Employe Relations Act[2] (PERA). A grievance was filed by the Association charging that a professional employe of the Board, Elaine Hoppe, failed to pay Association dues for the school year 1974-1975 in violation of a maintenance of membership provision in the agreement and demanding termination of Hoppe's employment. The grievance was submitted to arbitration, the arbitrator's award was in favor of the Association and the Board has now appealed[3] to this Court pursuant to Pa. R.J.A. No. 2101.

---

1. The contract was signed by the President and Secretary of the Dauphin County Technical School Joint Operating Committee.

2. Act of July 23, 1970, P. L. 563, *as amended*, 43 P. S. §1101.101, et seq.

3. Elaine Hoppe petitioned to intervene on November 25, 1975 and, by order of President Judge James S. BOWMAN, dated December 15, 1975, was granted leave to intervene as a party appellant.

Article XVII, Section C of the agreement contains the following maintenance of membership provision:

"The Board agrees that all employees who are presently members of the Association shall be subject to the 'maintenance of membership' provision as defined in Article III, Subsection (18) of the Public Employee Relation Act, act 195 [sic]."

Section 301 (18) of PERA, 43 P. S. §1101.301 (18), provides as follows:

" 'Maintenance of membership' means that all employes who have joined an employe organization or who join the employe organization in the future must remain members for the duration of a collective bargaining agreement so providing with the provisio that any such employe or employes may resign from such employe organization during a period of fifteen days prior to the expiration of any such agreement."

The arbitrator found that "Ms. Hoppe did not pay Association dues for the school year 1974-75" and that she "attempted to pay dues for the local Association, but not P.S.E.A. or N.E.A. on March 25, 1975."[4] The arbitrator then determined that the maintenance of membership provision was a condition of Hoppe's continued employment, which she had violated, and he ordered the Board to terminate her employment.

The Board argued that to dismiss Hoppe on this basis would violate Section 1122 of the Public School Code of

---

4. It appears that the conflict between the Association and Hoppe is in regard to the amount of dues required, which amount is unclear; i.e. local Association dues only or those dues in addition to the Pennsylvania State Education Association (PSEA) and National Education Association (NEA) dues. There is some question as to whether or not Hoppe has failed to maintain membership in the appropriate employe organization because of her tender of local Association dues. Our decision here, however, renders this question moot.

1949[5] (Code), 24 P. S. §11-1122 which provides, *inter alia,* as follows:

> "The *only valid causes for termination of a contract* heretofore or hereafter entered into *with a professional employe shall be immorality, incompetency, intemperance, cruelty, persistent negligence, mental derangement, advocation of or participating in un-American or subversive doctrines, persistent and wilful violation of the school laws of this Commonwealth* on the part of the professional employe. . . ." (Emphasis added.)

The arbitrator, in ordering Hoppe's termination, decided that Section 1122 of the Code did not apply. We believe that this constituted an error of law and we must, therefore, reverse.[6]

The arbitrator erred by resolving the conflict between the maintenance of membership provision of the agreement and Section 1122 of the Code without considering Section 703 of PERA, 43 P. S. §1101.703 which provides as follows:

> "*The parties* to the collective bargaining process *shall not effect or implement a provision* in a collective

---

5. The Act of March 10, 1949, P. L. 30, *as amended,* 24 P. S. §1-101, et seq.

6. It is clear that Pa. R.J.A. No. 2101 provides this Court with subject matter jurisdiction over an appeal from an arbitrator's award made pursuant to a collective bargaining agreement. *County of Franklin v. American Federation of State, County and Municipal Employees,* 21 Pa. Commonwealth Ct. 379, 346 A.2d 845 (1975); *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty PSEA/NEA),* 17 Pa. Commonwealth Ct. 231, 331 A.2d 921 (1975). We exercise a scope of review of arbitrators' awards which is limited to a determination of whether or not the award draws its essence from the collective bargaining agreement. While the arbitrator here has based the award upon the maintenance of membership provision contained in the agreement, it is always within our purview to correct an award which violates a statute.

bargaining agreement *if the implementation of that provision would be in violation of, or inconsistent with or in conflict with any statute or statutes* enacted by the General Assembly of the Commonwealth of Pennsylvania or the provisions of municipal home rule charters." (Emphasis added.)

It is clear that the maintenance of membership provision of the agreement is inconsistent with Section 1122 of the Code insofar as the remedy for non-compliance with the said provision is the termination of the services of the professional employe involved.[7] The provision conflicts with the statute and, therefore, cannot be effectuated or implemented in the agreement. The Association argues, of course, that Section 701 of PERA,[8] 43 P. S. §1101.701 and Section 705 of PERA,[9] 43 P. S. §1101.705

---

7. The appellants have argued that neither the maintenance of membership provision of the agreement or Section 301(18) of PERA provide a method for enforcing said provision. Termination of the employe in violation of the provision appears, however, to be the only remedy that the Association could seek from the Board and, in actuality, was the remedy sought by the Association. *See Allegheny County Firefighters, Local 1038, International Association of Firefighters v. Allegheny County*, 7 Pa. Commonwealth Ct. 81, 86, 299 A.2d 60, 62 (1973).

8. Section 701 of PERA provides:

"Collective bargaining is the performance of the mutual obligation of the public employer and the representative of the public employes to meet at reasonable times and confer in good faith with respect to wages, hours and other terms and conditions of employment, or the negotiation of an agreement or any question arising thereunder and the execution of a written contract incorporating any agreement reached but such obligation does not compel either party to agree to a proposal or require the making of a concession."

9. Section 705 of PERA provides:

"Membership dues deductions and maintenance of membership are proper subjects of bargaining with the provisio that as to the latter, the payment of dues and assessments while members. may be the only requisite employment condition."

allow collective bargaining and agreement on a maintenance of membership provision and we agree that such a provision may be the proper subject of a collective bargaining agreement between a public employer and an employe organization.[10] This is not the case, however, where such provision is violative of an existing statute. Our Supreme Court, in *Pennsylvania Labor Relations Board v. State College Area School District,* Pa. , 337 A.2d 262, 269-270 (1975), analyzing the relationship between Sections 701 and 703 of PERA,[11] held as follows:

"If however the General Assembly mandates a particular responsibility to be discharged by the board and the board alone, then the matter is removed from bargaining under section 701 even if it has direct impact upon 'wages, hours and other terms or conditions of employment.' The removal from collective bargaining results not because it necessarily falls within the purview of section 702 (in fact it may clearly be within the scope of section 701), but rather because to do otherwise would be in direct violation of

10. *Philadelphia Federation of Teachers, Local No. 3, AFT, AFL-CIO v. Board of Education of the School District of Philadelphia,* 458 Pa. 342, 327 A.2d 47 (1974).

11. The Court was considering Section 702 of PERA, 43 P. S. §1101.702 which provides

"[p]ublic employers shall not be required to bargain over matters of inherent managerial policy, which shall include but shall not be limited to such areas of discretion or policy as the functions and programs of the public employer, standards of services, its overall budget, utilization of technology, the organizational structure and selection and direction of personnel. Public employers, however, shall be required to meet and discuss on policy matters affecting wages, hours and terms and conditions of employment as well as the impact thereon upon request by public employe representative,"

in relation to Section 701 of PERA, but the holding clearly applies here where we are considering Sections 705 and 701 of PERA.

a statutory mandate and thus, excluded under section 703. (Citations omitted.)

"We therefore conclude that *items bargainable under section 701 are only excluded under section 703 where other applicable statutory provisions explicitly and definitively prohibit the public employer from making an agreement as to that specific term or condition of employment.*" (Emphasis added.)

"The termination of a professional school employee's contract is controlled by the Public School Code of 1949," *Brownsville Area School District v. Alberts,* 436 Pa. 429, 432, 260 A.2d 765, 767 (1970), and, therefore, the responsibility for discharging such employe has been mandated to the Board alone. The Board may terminate a teacher's contract of employment only on certain specified grounds. *Cerra v. East Stroudsburg Area School District,* 450 Pa. 207, 299 A.2d 277 (1973).

In *Allegheny County Firefighters, Local 1038, International Association of Firefighters v. Allegheny County,* 7 Pa. Commonwealth Ct. 81, 299 A.2d 60 (1973), this Court held that a provision of an arbitration award, rendered pursuant to Act 111,[12] which required firemen to maintain membership with their union as a condition of continued employment, was in direct conflict with, and contrary to, the statutory law which afforded civil service protection to such employes and prohibited their discharge except in accordance with the enumerated statutory provisions for discharge, and, therefore, was unenforceable.

" 'The essence of our decision is that an arbitration award may only require a public employer to do that which it could do voluntarily.'

. . . .

"To comply with this provision of the disputed award, the County would be required to discharge a fireman

---

12. Act of June 24, 1968, P. L. 237, *as amended,* 43 P. S. §217.1, et seq., commonly referred to as Act 111.

contrary to the statutory law governing discharge of firemen. By arbitration procedure under the Act, a local government cannot agree or be required to perform an illegal act." *Allegheny County Firefighters, supra,* 7 Pa. Commonwealth Ct. at 85-87, 299 A.2d at 61-62.

The analogy to the instant case is obvious and the reasoning and rationale are persuasive here.

In addition, Article XVIII of the agreement provides, *inter alia,* as follows:

"F.    Statutory Savings Clause

*Nothing contained herein shall be construed to deny or restrict to any employee such rights as he may have under the Public School Code of 1949,* as amended, or the Public Employee Relations Act 195 or other applicable laws and regulations. The rights granted to employees hereunder shall prevail or be in lieu of those provided elsewhere." (Emphasis added.)

The parties themselves have, therefore, recognized that certain rights of the employe are guaranteed by the Code and cannot be reduced or eliminated by the agrement.

The appellee asserts that the Pennsylvania Supreme Court decision in *Board of Education of the School District of Philadelphia* v. *Philadelphia Federation of Teachers Local No. 3, AFT, AFL-CIO,*      Pa.    , 346 A.2d 35 (1975) controls this case. The question there was "whether a school district may agree in a collective bargaining agreement to submit to arbitration the propriety of discharging a non-tenured teacher." *Board of Education of the School District of Philadelphia, supra,*      Pa. at    , 346 A.2d at 36. There the court held that it was proper to so agree and that there would not be a violation of any legal restriction upon the power of the board. Our decision here is entirely consistent with the above-mentioned case except that we find here that the provision in this agreement does violate a statutory man-

date and infringes upon the power exclusively conferred upon the Board.

We, therefore, issue the following

ORDER

AND, Now, this 27th day of May, 1976, the award of the arbitrator dated October 14, 1975 is hereby reversed and set aside.