Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellant *v.* Uniontown Area School District.

Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board *v.* Uniontown Area School District. Uniontown Area Education Association, Appellant.

Argued October 27, 1976, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Raymond W. Cromer,* Assistant Attorney General, with him *James F. Wildeman,* Assistant Attorney General, and *Forest N. Myers,* Assistant Attorney General, for Pennsylvania Labor Relations Board.

*Ronald N. Watzman,* for Uniontown Area Education Association.

*Herbert Margolis,* for Uniontown Area School District.

OPINION BY JUDGE MENCER, January 4, 1977:

The relationship between the Public Employe Relations Act[1] (PERA) and the Public School Code of 1949[2] (Code) is once again at issue in these consolidated appeals from an order of the Court of Common Pleas of Fayette County.

The relevant facts are not in dispute. Warren G. Langley and Daniel F. Zack, professional employees of the Uniontown Area School District (District) determined that they no longer wished to be members of the Uniontown Area Education Association (Association), their certified bargaining representative. Accordingly, both men stopped paying their dues. At this time the collective bargaining agreement between the District and the Association contained a "maintenance of membership" clause which specified:

---

[1] Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.101 et seq.

[2] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §1-101 et seq.

The District agrees that all employees who are presently members of the Association or who join the Association during the term of this Agreement must remain members for the duration of this Agreement; provided, however, that any employee may resign from the Association during a period of fifteen (15) days prior to the expiration of this Agreement, all pursuant to Article III, subsection (18) of the Public Employe Relations Act.[3] (Footnote added.)

Langley and Zack did not make timely resignations. Representatives of the Association filed grievances against the men for failure to pay their dues.[4] The grievances were denied at all stages, and the parties then moved to arbitration under Section 903 of PERA, 43 P.S. §1101.903.

The arbitrator upheld the Association's position and ordered Zack and Langley to pay their Association dues. In the event they failed to comply within 20 days, the Uniontown Area School Board (Board) was ordered to "terminate [their] employment forthwith."

When the Board learned that both employees had failed to comply with the arbitration award, it charged them with "persistent and wilful violation of the school laws," a valid cause for dismissal of professional employees under Section 1122 of the Code, 24 P.S. §11-1122. After a hearing, the Board determined that both teachers' contracts should be terminated;[5]

---

[3] 43 P.S. §1101.301(18).

[4] Neither man, at this time, had authorized the District to withhold dues automatically from his paychecks.

[5] Zack and Langley appealed the Board's determination to the Secretary of Education who dismissed the appeals on the ground that he was without jurisdiction to hear the case. The appeal of Zack and Langley from the Secretary's dismissal is the subject of a companion case, Langley v. Uniontown Area School District, 28 Pa. Commonwealth Ct. 69, 367 A.2d 736 (1977).

however, actual dismissal was stayed pending appeal. The Association was unsatisfied with the stay and filed an unfair labor practice charge with the Pennsylvania Labor Relations Board (PLRB), claiming, pursuant to Section 1201(a)(8) of PERA, 43 P.S. §1101.1201(a)(8), that the District failed to comply with the arbitrator's award.

The PLRB found that the District had committed an unfair labor practice and decreed that the Board terminate the employment of Zack and Langley. Exceptions were dismissed and the order made final on July 31, 1975. The District appealed to the Court of Common Pleas of Fayette County which, by order dated May 20, 1976, reversed the order of the PLRB. Appeals were taken to this Court by the PLRB at No. 989 C.D. 1976 and by the Association, as intervenor below, at No. 1059 C.D. 1976. Those appeals were consolidated here for argument and disposition. We will affirm the order of the court below.

This case is controlled by our recent holding and analysis in *Dauphin County Technical School Education Association v. Dauphin County Area Vocational-Technical School Board*, 24 Pa. Commonwealth Ct. 639, 357 A.2d 721 (1976). In that case, Judge BLATT, speaking for a unanimous court, concluded that a maintenance-of-membership clause almost identical to the one in the case at bar was "inconsistent with Section 1122 of the Code insofar as the remedy for noncompliance with the said provision is the termination of the services of the professional employe involved." 24 Pa. Commonwealth Ct. at 643, 357 A.2d at 723 (footnote omitted).

The PLRB has argued that *Dauphin County, supra*, is inapposite because it arose on an appeal from an arbitration award under Pa. R.J.A. No. 2101,[6] while in the instant case no appeal from the arbitra-

---

[6] Now superseded by Pa. R.A.P. 703 and 1512.

tor's award was taken. However, in *Pennsylvania Labor Relations Board v. Commonwealth of Pennsylvania,* 23 Pa. Commonwealth Ct. 49, 350 A.2d 199 (1976), we held that a party who brings an unfair labor practice charge to enforce an arbitrator's award has the burden of showing not only that the award was not complied with but also that the award was binding.

The unfair labor practice procedure is therefore an alternate method for testing the validity of an award. An award which is invalid cannot, of course, be the foundation of an unfair labor practice charge. By implicitly concluding that the award was valid in the case at bar, the PLRB erred as a matter of law. Therefore, the lower court properly reversed.[7]

Order affirmed.

ORDER

Now, this 4th day of January, 1977, the order of the Court of Common Pleas of Fayette County entered in the above captioned cases is affirmed.

---

[7] Neither the lower court nor the PLRB had the benefit of our decision in *Dauphin County, supra.*