Warren L. Langley v. Uniontown Area School District.
Daniel F. Zack v. Uniontown Area School District.
Warren L. Langley and Daniel F. Zack, Appellants.

Argued October 27, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

L. W. Bailey, Jr., for appellants.

Herbert Margolis, for appellee.

OPINION BY JUDGE MENCER, January 4, 1977:

This case involves the consolidated appeals of Warren Langley and Daniel Zack (appellants), who are professional employees of the Uniontown Area School District (District), from an order of the Secretary of Education (Secretary). The Secretary's order dismissed appellants' appeals from resolutions of the Uniontown Area School Board (Board) which terminated their employment contracts but delayed dismissal pending appeal.

A more detailed history of the events which resulted in this appeal may be found in the consolidated cases of *Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board v. Uniontown Area School District*, 28 Pa. Commonwealth Ct. 61, 367 A.2d 739 (1977).

The resolutions from which the appeals to the Secretary were taken decided, in effect, that appellants' failure to pay dues to the Uniontown Area Education Association (Association) pursuant to a "maintenance of membership" clause in the collective bargaining agreement between the District and the Association was a "persistent and wilful violation of the school laws" of the Commonwealth, which is a ground for dismissal under Section 1122 of the Public School Code of 1949.[1] Section 1122 provides in pertinent part:

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1122.

The only valid causes for termination of a contract heretofore or hereafter entered into with a professional employe shall be immorality, incompetency, intemperance, cruelty, persistent negligence, mental derangement, advocation of or participating in un-American or subversive doctrines, persistent and wilful violation of the school laws of this Commonwealth on the part of the professional employe. . . .

Appellants filed a timely appeal to the Secretary under Section 1131 of the Code, 24 P.S. §11-1131. The Association was granted leave to intervene, and a hearing was held before an examiner on January 31, 1975. By order dated April 7, 1976, the Secretary dismissed the appeals for want of jurisdiction. We believe that the Secretary misconceived the nature of the appeal before him, and we must reverse.

In reaching his conclusion, the Secretary reasoned that appellants were dismissed under Section 705 of the Public Employe Relations Act[2] (PERA), which provides in pertinent part:

Membership dues deductions and maintenance of membership are proper subjects of bargaining with the proviso that as to the latter, the payment of dues and assessments while members, may be the only requisite employment condition.

However, it is clear from the record that at all times the appellants were charged with and dismissed for a violation of Section 1122 of the Code. Indeed, in view of our holding in *Dauphin County Technical School Education Association v. Dauphin County Area Vocational-Technical School Board*, 24 Pa. Commonwealth Ct. 639, 357 A.2d 721 (1976), it would have

---

[2] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.705.

been improper[3] for the Board to dismiss appellants for an alleged violation of Section 705 of PERA. *See also Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board v. Uniontown Area School District, supra.*

To be sure, the Board's action in dismissing appellants was occasioned by their failure to pay association dues; however, this was not the charge against them. As aggrieved professional employees, appellants had the right, under Section 1131 of the Code to appeal to the Secretary.[4] It was, in our view, the Secretary's duty to review the action of the Board to determine (1) whether there was substantial evidence to support the Board's action and (2) whether, as a matter of law, the failure to pay association dues pursuant to a valid maintenance-of-membership clause can constitute a "persistent and wilful violation of the school laws."

There is little doubt that the second issue will ultimately and shortly be decided by the courts; both sides have, in fact, urged us to decide it here and now. However, it is our view that the orderly functioning of the administrative process demands that the Secretary first be allowed to address himself directly to the issues involved.

---

[3] Neither the Board nor the Secretary had the benefit of our decision in *Dauphin County, supra,* which appeared after the events in this case.

[4] Section 1131 reads in relevant portion:

In case the professional employe concerned considers himself or herself aggrieved by the action of the board of school directors, an appeal by petition, setting forth the grounds for such appeal, may be taken to the Superintendent of Public Instruction [Secretary of Education] at Harrisburg. Such appeal shall be filed within thirty (30) days after receipt by registered mail of the written notice of the decision of the board. A copy of such appeal shall be served by registered mail on the secretary of the school board.

Accordingly, we hold that the Secretary of Education erred as a matter of law in dismissing the appeals of Langley and Zack.

ORDER

Now, this 4th day of January, 1977, the order of the Secretary of Education in the above captioned case is reversed. The matter is remanded to the Secretary of Education for disposition consistent with this opinion.