In Re: Appeal of Vera E. Jones. Pennsylvania Labor Relations Board *v.* Butler Education Association and Jack I. Lenavitt. Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellant. (2 Cases)

In Re: Appeal of Vera E. Jones. Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board *v.* Butler Education Association and Jack I. Lenavitt. Butler Education Association, Appellant. (2 Cases)

Argued May 3, 1977, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*Raymond W. Cromer*, with him *James F. Wilde-
man* and *Forest N. Myers*, for Pennsylvania Labor
Relations Board.

*Thomas A. Beckley*, with him *Craig W. Bremer*,
*Bradley S. Gelder*, and, of counsel, *Beckley & Mad-
den; Lee C. McCandless; McCandless, Chew & Kriz-
ner*, for Butler Education Association and Jack I.
Lenavitt.

OPINION BY JUDGE WILKINSON, JR., June 15, 1977:

These consolidated appeals arise from orders of
the Court of Common Pleas of Butler County sustain-
ing appellee's charge that the Butler Education As-
sociation (Association) and its agent engaged in un-
fair practices and enjoining them from pursuing ar-

bitration seeking appellee's discharge for failure to pay union dues. Because arbitration was the proper remedy, we must reverse.

The Association and the Butler Area School District (District) executed a collective bargaining agreement on October 8, 1973, for the years 1973-1975. Included in Appendix "B," Article XII of the agreement was a maintenance of membership clause which reads:

> Section 2. All employees who are members of the Association on October 1, 1973 and all employees who thereafter join the Association shall, as a condition of employment, maintain their membership in the Association during the term of this agreement. . . .

Appellee, a professional employee of the District and a member of the Association for the year 1972-1973, refused to pay her membership dues for the year 1973-1974 contending that she had resigned from the employee organization. On May 9, 1974, the Association filed a grievance seeking to have appellee discharged for failure to maintain her union membership. The grievance was denied by the District at all four steps of the grievance procedure. The Association elected to proceed to binding arbitration pursuant to the terms of the collective bargaining agreement and a hearing was scheduled for October 28, 1974.

On October 25, 1974, three days before the arbitration hearing was scheduled, appellee filed a complaint with the Pennsylvania Labor Relations Board (Board) alleging an unfair practice. Basically, appellee contended that the only valid causes for discharging a professional employee are found in Section 1122 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1122 (Code), that discharging her for non-payment of dues would be invalid, and therefore, that seeking her discharge

through arbitration is an unfair practice within the meaning of Section 1201 of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.1201 (PERA). The Court of Common Pleas of Butler County issued an injunction staying the arbitration hearing until the unfair practice charge was disposed of by the Board, believing the labor charge to be the "preferred procedure." On September 12, 1975, after a hearing, the Board ruled that the Association had not committed an unfair practice, that no conflict existed between PERA and the Code, and that appellee had not resigned from the Association. Upon appeal, the lower court reversed, finding the Association and its agent guilty of an unfair practice and enjoined arbitration on the subject of discharging appellee for non-payment of dues.

Under Section 903 of PERA, 43 P.S. §1101.903 and Article VII of the collective bargaining agreement, arbitration is a mandatory final step in the grievance procedure. While the court below may or may not be correct in reasoning that under *Dauphin County Technical School Education Association v. Dauphin County Area Vocational-Technical School Board*, 24 Pa. Commonwealth Ct. 689, 357 A.2d 721 (1976) (allocatur granted) an arbitrator could not discharge appellee for the non-payment of her union dues, the court is incorrect in assuming that because one remedy the arbitrator might fashion is invalid, that arbitration is not a proper remedy.

A similar situation arose in *Association of Pennsylvania State College and University Faculties v. Pennsylvania Labor Relations Board*, 30 Pa. Commonwealth Ct. 403, 373 A.2d 1175 (1977). In that case the Commonwealth, in a collective bargaining agreement, agreed to introduce legislation "which may be necessary to give force and effect to the provisions of this Agreement." *Id.* at 406, 373 A.2d at 1177. The

association alleged that the Commonwealth failed to request sufficient funds from the Legislature to effectuate the agreement and sought binding arbitration. The Commonwealth refused to participate in arbitration and the association filed an unfair labor practices complaint. The Board decided that the adequacy of the Governor's budget proposal was not arbitrable and dismissed the complaint. We reversed, holding:

> The Board, therefore, erred . . . when it concluded that the issue was not arbitrable because one of the possible remedies which an arbitrator might fashion could infringe upon the decision-making authority of the Governor. In light of the Act's unequivocal language that arbitration is mandatory . . . it is clear to us that the Board must then conclude, without considering other factors, that the matter at hand was properly the subject of arbitration. (Footnote omitted.)

*Id.* at 409, 373 A.2d at 1179.

We must reverse, therefore, the order of the lower court enjoining arbitration of the Association's grievance. Nor can we agree that the Association committed an unfair practice by seeking to arbitrate an arbitrable grievance.

Accordingly, we will enter the following

ORDER

Now, June 15, 1977, the orders of the Court of Common Pleas of Butler County, dated June 24, 1976 and August 12, 1976, at A.D. No. 75-971 are reversed and appellee's complaint is dismissed.

---

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. The Butler Education Association (Association) filed a grievance seeking the

554

discharge of Vera E. Jones by the Butler Area School District (School District) for Ms. Jones' failure to pay dues to maintain her teachers' union membership. The School District refused to submit the matter to binding arbitration. The Pennsylvania Labor Relations Board (Board) ruled that the Association had not committed an unfair labor practice, and the School District appealed to the Court of Common Pleas of Butler County, which reversed the Board and, on authority of *Dauphin County Technical School Education Association v. Dauphin County Area Vocational-Technical School Board*, 24 Pa. Commonwealth Ct. 639, 357 A.2d 721 (1976), enjoined arbitration on the subject of discharging Ms. Jones for nonpayment of dues.

The majority today reverses and permits binding arbitration on the question of whether or not Ms. Jones should be discharged from her employment. The majority states that the trial court "is incorrect in assuming that, because one remedy the arbitrator might fashion is invalid, arbitration is not a proper remedy." My reading of the collective bargaining agreement convinces me that termination of employment was the *only* remedy that could derive its essence from the agreement. In fact, that is all the Association sought here.

Since we have held in *Dauphin County Technical School Education Association v. Dauphin County Area Vocational-Technical School Board* that an arbitrator is precluded from rendering an award which discharges a teacher for nonpayment of dues necessary to maintain her membership in a teachers' union, I would affirm the Court of Common Pleas of Butler County which followed our ruling in this regard.