571 A.2d 513

**DERRY TOWNSHIP, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1989.

Decided Nov. 21, 1989.

Publication Ordered March 7, 1990.

Bruce J. Kasten, with him, John S. Hayes and Victor M. Pascutoi, Duane, Morris & Heckscher, for petitioner.

John L. Crawford, for respondent.

Anthony C. Busillo, II, for intervenor, Derry Tp. Police Ass'n.

Before COLINS and SMITH, JJ., and BARBIERI, Senior Judge.

SMITH, Judge.

Derry Township (Township) seeks review of an order of the Pennsylvania Labor Relations Board (Board) which con-

cluded that the Township committed an unfair labor practice in violation of Sections 6(1)(a) and (e) of the Pennsylvania Labor Relations Act (PLRA)[1] and ordering the Township to implement in its entirety provisions of an interest arbitration award entered March 28, 1988. The arbitration award was issued by a board of arbitrators appointed by the Township and its Police Association (Association) for the purposes of resolving their collective bargaining dispute pursuant to the Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §§ 217.1–217.10 (Act 111).

Issues raised by the Township are whether the Board erred in concluding that the Township committed an unfair labor practice because of its refusal to implement an arbitration award provision which the Township contends is unlawful; and in the alternative, if the arbitration award provision is found to be lawful, whether the Township's refusal to implement it is not an unfair labor practice because such provision was not final and binding.

Following an impasse reached in the collective bargaining negotiations for the 1988–89 collective bargaining agreement, the Township and the Association selected a board of arbitrators pursuant to Act 111 to resolve their disputes. The award provisions relevant to this dispute are Sections 10 and 11. Section 10 provides that the social security offset currently in effect would be reduced from 50% to 0% and that the retirement age for employees, effective December 31, 1989, would be reduced to fifty years of age with twenty-five years of service. The parties were further directed in Section 11 of the award "to seek to draft and sign a consolidated labor agreement for 1988–89 incorporating the provisions of this award as well as existing awards where appropriate.... If the parties are unable to draft such an agreement within 60 days from the issuance of this award, the parties have agreed that the Arbitration Board will retain jurisdiction for the purpose of drafting such an agreement."

1. Act of June 1, 1937, P.L. 1168, *as amended,* 43 P.S. § 211.1 et seq.

The Township's arbitrator dissented from the changes in the retirement plan on the basis that the modifications could be made only if actuarial cost estimates were presented. The Association responded by notifying the Township that pursuant to Section 7(b) of Act 111, 43 P.S. § 217.7(b), the Township was required to implement the pension plan modifications within one month following the issuance of the award.

On June 9, 1988, a charge of unfair labor practices was filed by the Association alleging that the Township had committed unfair labor practices in failing to implement the interest arbitration award and was therefore in violation of the PLRA. On October 31, 1988, the hearing examiner issued a proposed decision and order dismissing the charge of unfair labor practices concluding that the award was not final and therefore unenforceable.

Exceptions were filed by the Association with the Board which issued an opinion and order reversing the hearing examiner and holding that the award was neither incomplete nor vague and that it was a final and binding determination of the issues. The Board concluded that the Township's failure to implement the award constituted an unfair labor practice in violation of Sections 6(1)(a) and (e) of the PLRA and Act 111. The Board noted that Section 11 was expressly identified as an agreement of the parties and not a matter awarded by the arbitration panel.

## I

[1] The Township initially argues that the Board's conclusion was based solely on the Township's refusal to implement an arbitration award provision which was unlawful and that therefore such a refusal cannot be the basis of an unfair labor practice.[2] *Pennsylvania Labor Relations*

2. This Court's scope of review over an unfair labor practice decision of the Board is limited to determining whether constitutional rights have been violated, an error of law has been committed, or whether the Board's essential findings of fact are supported by substantial evidence. *Independent State Store Union v. Pennsylvania Labor Relations Board*, 119 Pa.Commonwealth Ct. 286, 547 A.2d 465 (1988).

*Board v. Uniontown Area School District,* 28 Pa.Commonwealth Ct. 61, 367 A.2d 738 (1977). The Township contends that the award is unenforceable because it required the Township to make pension plan modifications which were not based upon actuarial feasibility and cost estimate studies required by law, namely the Municipal Pension Plan Funding Standard and Recovery Act, Act of December 18, 1984, P.L. 1005, *as amended,* 53 P.S. §§ 895.101–895.803.

■ In reversing this Court's decision in *Pennsylvania Labor Relations Board v. Commonwealth,* 478 Pa. 582, 387 A.2d 475 (1978), the Pennsylvania Supreme Court stated that an aggrieved party should have only one route of appeal. The Township thus incorrectly relies upon this Court's holding in its brief. The Supreme Court held that it is the function of the Board in an unfair labor practice case to decide whether there was an award, whether appeals from the award were exhausted, or whether there was compliance with the award. Any questions concerning the legality of the award should be addressed in an enforcement proceeding. The record here is undisputed that there was an award, that the Township took no appeal from that award, and that the Township failed to comply with Section 10 of the award. The Township asserts that the Supreme Court's holding does not support the proposition that an arbitration panel or the Board can require a public employer to perform an unlawful act and that it is not inconsistent with the Township's position. Additionally, the Township argues that, unlike the present case, the Board's order in *PLRB* did not require the public employer to commit an unlawful act but rather to reinstate an employee pursuant to the arbitrator's award, and secondly, *PLRB* and its progeny deal specifically with grievance arbitration whereas this case involves interest arbitration.

The Township's attempts to distinguish itself from *PLRB* must fail. The fact remains that the Township has failed to follow the appeal procedures mandated by the Supreme Court in *PLRB* which cannot now be circumvented by the Township. The Township can assert illegality of the award

as a defense in an enforcement action brought by the Association. *Chirico v. Board of Supervisors of Newtown Township,* 504 Pa. 71, 470 A.2d 470 (1983); *Washington Arbitration Case,* 436 Pa. 168, 259 A.2d 437 (1969). (When a party to an award of an interest arbitration panel seeks to enforce an alleged illegal action in the courts, that provision cannot be enforced without a determination as to its legality).[3]

## II

The Township next argues that even if the contested arbitration award provision is found to be lawful, its refusal to implement the provision is not an unfair labor practice as the award is not final and binding. Citing *Uniontown Area School District,* the Township contends that this Court has held that where a party brings an unfair labor practice charge, it has the burden of showing that the award was final and binding. Further, in *Chirico v. Board of Supervisors for Newtown Township,* 518 Pa. 572, 544 A.2d 1313 (1988), the Supreme Court deemed a similar provision lawful but not binding until the actuarial studies were completed and a determination was made that the reduction in age was feasible. The Township contends that Section 10 is part of a partial interim award which the parties did not intend to be final and binding until all issues in dispute between the parties were resolved as evidenced by Section 11 of the award.

The Township's position appears to co-mingle two issues, i.e., the alleged illegality of the pension provision, and finality of the award in light of Section 11. The Township's statement of the law is correct that an arbitration award containing an alleged illegal pension provision cannot be enforced. However, as the Supreme Court has

---

**3.** The Township can also appeal the arbitration award provision to the trial court pursuant to Section 933(b) of the Judicial Code, 42 Pa.C.S. § 933(b). Further, this Court has held that the Board has jurisdiction to decide unfair labor practice charges involving Act 111 employees. *City of Coatesville v. Pennsylvania Labor Relations Board,* 77 Pa.Commonwealth Ct. 265, 465 A.2d 1073 (1983).

already determined that legality of the award cannot be argued in an unfair labor practice proceeding, there is no need to further address the issue.

> Section 7 of Act 111 provides in pertinent part as follows:
> **Determination; appeal; implementation; effective date of legislation**
> (a) The determination of the majority of the board of arbitration thus established shall be final on the issue or issues in dispute and shall be binding upon the public employer and the policemen or firemen involved.

In *Washington Arbitration Case*, the Supreme Court noted that an arbitration panel is a temporary institution and its effectiveness is lost if its decision is delayed indefinitely through protracted litigation. To do as the Township suggests and prolong the litigation would be contrary to firmly established mandates of the Supreme Court. Nor does Section 11 contain any language to support the Township's claim. In fact, Section 13 of the award states that all other demands and proposals of the parties not set forth in the award are rejected. Thus, the Township's claim that there were further matters to be resolved is without merit.

In *Dunmore Police Association v. Borough of Dunmore*, 107 Pa.Commonwealth Ct. 306, 528 A.2d 299 (1987), *appeal denied*, 518 Pa. 651, 544 A.2d 963 (1988) this Court reviewed by direct appeal an interest arbitration award where the panel did not resolve all matters in dispute and expressly delegated those matters to a committee composed of interested officials of both sides for further study. This Court held that the proper remedy would be to enforce all matters which the arbitration panel addressed with finality and that a new panel should be convened to address the remaining issues. The Township's attempts to distinguish the matter *sub judice* from *Dunmore* are illusory. The Township argues that *Dunmore* is inapplicable because in the instant case the panel simply took a hiatus. The problem in *Dunmore* however was not that delegation was made to another panel, but that arbitration did not resolve the dispute. The Board's order here is consistent with

*Dunmore* as it directed the Township to enforce those provisions of the award addressed with finality.

■ Finally, there is no merit to the Township's argument that the parties waived the thirty-day time limit of Act 111 which requires a board of arbitration to render a decision within thirty days of the appointment of the third arbitrator. The Township contends that in *Dunmore* the parties did not waive the thirty-day time limit and the case is therefore inapplicable. However, Section 11 makes no reference to the thirty-day time limit but merely states that if the parties are unable to draft a comprehensive agreement within sixty days, the arbitration board would retain jurisdiction to draft an agreement for the parties.

Having found no error by the Board, its order setting aside the proposed decision and order of the hearing examiner is accordingly affirmed.

## ORDER

AND NOW, this 21st day of November, 1989, the order of the Pennsylvania Labor Relations Board is affirmed.

## ORDER

AND NOW, this 7th day of March, 1990, it is ordered that the opinion filed November 21, 1989 shall be designated OPINION rather than MEMORANDUM OPINION, and that it shall be reported.