Benjamin Lucciola, Appellant *v.* Commonwealth of Pennsylvania, Secretary of Education. The Board of School Directors of the Delaware Valley School District, Intervening Appellee.

Argued June 11, 1976, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*John J. Schneider,* with him *Kayton, Schneider, Davis and Levy,* for appellant.

*Patricia A. Donovan,* Chief Counsel, with her *Edward A. Miller,* Assistant Attorney General, for appellee.

*Arthur K. Ridley,* with him *Krawitz, Sigal & Ridley,* P. A., for intervening appellee.

OPINION BY JUDGE WILKINSON, July 7, 1976:

This is an appeal from a decision of the Secretary of Education (Secretary) which upheld the dismissal

of appellant as a professional employee by the Board of School Directors of the Delaware Valley School District (Board). We affirm.

During the 1974-1975 school year appellant was employed as an elementary school teacher in the Delaware Valley School District. On February 17, 1975, appellant submitted to the district superintendent a written request for personal business leave for Wednesday, Thursday and Friday of the next week, February 26, 27 and 28, for the following reasons: "Sale of my ailing father's house in the city, requiring my presence at the bank, other personal matters to be cleaned up also." The request was approved the same day. On Monday, February 24, 1975, a telephone call, on appellant's behalf, was made to the school district stating that appellant would not report for work that day or the next due to illness. Appellant, consequently, was absent the entire school week of February 24-28, 1975.

By letter dated July 8, 1975, appellant was notified that the Board was to consider his dismissal on the following statement of charges: "On February 24 and 25, 1975, you were absent from the School District for allegedly being ill; and on February 26, 27 and 28, 1975, you had requested personal business days to handle the sale of your ailing father's property in the city. Other information indicates that you were, in fact, in Vermont during the period February 24-February 28, 1975." A hearing was held before the Board on July 22, 1975, following which, by letter dated August 1, 1975, appellant was informed that the Board had voted to discharge him, effective immediately, for persistent and willful violation of the school laws. The decision of the Board was appealed to the Secretary who affirmed, concluding that appellant deliberately abused his personal business and sick leave privileges. Specifically, the Secretary found

that during the week of February 24-28, 1975, when appellant was apparently on personal business and sick leave, he was actually in New England on a skiing trip with a student. Appellant is now before this Court.

Section 1122 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1126, provides in relevant part: "The only valid causes for termination of a contract heretofore or hereinafter entered into with a professional employe shall be . . . persistent and wilful violation of the school laws of this Commonwealth on the part of the professional employe . . . ." Appellant argues that sufficient cause has not been demonstrated to justify his dismissal for persistent and willful violation of the school laws. We have carefully reviewed the record, as well as the pertinent caselaw arising under Section 1122 and the legislation preceding it, and must disagree.

" '[W]ilful' suggests the presence of intention, and at least some power of choice . . . ." *Sinton's Case,* 151 Pa. Superior Ct. 543, 548, 30 A.2d 628, 630 (1943). The Secretary's findings of fact which are properly supported by the record, clearly demonstrate that appellant intended, voluntarily, to misuse his personal business and sick leave privileges. The Secretary found that the mother of the student who was with appellant in New England submitted a written request to the school district on Friday, February 21, 1975, asking that her son be excused from school the following Monday, Tuesday and Wednesday, February 24, 25 and 26, for the purpose of taking a trip to New England; that appellant, accompanied by the student, departed for New England on Sunday, February 23, 1975; and that the student and appellant spent the entire week of February 24-28, 1975, in New England on a skiing trip. On these findings, the

Secretary concluded that appellant had, through prior arrangements, planned to spend the week of February 24-28, 1975, on a New England holiday rather than on personal business and sick leave. We cannot disagree and, therefore, are compelled to hold that appellant willfully violated the school laws.

As a general proposition, "persistent" is defined as "continuing" or "constant". *Sinton's Case, supra; Horosko v. Mount Pleasant Twp. School District,* 135 Pa. Superior Ct. 102, 111, 4 A.2d 601, 604, *rev'd on other grounds,* 335 Pa. 369, 6 A.2d 886, *cert. denied,* 308 U.S. 553 (1939). In particular application, persistency characterizes a violation of the school laws by a professional employee where the violation occurs either as a series of individual incidents, *see Johnson v. United School District Joint School Board,* 201 Pa. Superior Ct. 375, 191 A.2d 897 (1963); *Caffas v. Board of School Directors of Upper Dauphin Area School District,* 23 Pa. Commonwealth Ct. 578, 353 A.2d 898 (1976); *Stroman v. Secretary of Education,* 7 Pa. Commonwealth Ct. 418, 300 A.2d 286 (1973), or as one incident carried on for a substantial period of time. *See Ambridge Borough School District's Board of School Directors v. Snyder,* 346 Pa. 103, 29 A.2d 34 (1942); *Ganopski's Case,* 332 Pa. 550, 2 A.2d 742 (1938); *Commonwealth ex rel. Wesenberg v. Bethlehem School District,* 148 Pa. Superior Ct. 250, 24 A.2d 673 (1942).

In the case at hand, it is clear that appellant's deliberate abuse of personal business and sick leave could be described as either five consecutive instances of abuse—one for each school day in the week of February 24-28, 1975—or one instance covering an entire school week. By either description, appellant's violation of the school laws was of such a continuing or constant nature that it warrants being held persistent. Consequently, we conclude that sufficient cause has

been demonstrated to discharge appellant as a professional employee for persistent and willful violation of the school laws.

Appellant also argues that the notice provisions under Section 1127 of the Code, 24 P.S. §11-1127, requiring that a professional employee be furnished with a "detailed written statement of the charges upon which his or her proposed dismissal is based", were not satisfied by the statement of charges, quoted above, contained in the letter of July 8, 1975. Appellant contends that, in order to properly prepare a defense, the statement of charges required by Section 1127 must refer specifically to one of the valid causes under Section 1122, 24 P.S. §11-1122, permitting the termination of a professional employee's contract. Since the July 8, 1975 statement did not explicitly cite him for "persistent and willful violation of the school laws", appellant concludes that he received defective notice of dismissal. We cannot agree.

As long as the substance of the charges furnished the professional employee refers to one of the valid causes for dismissal under Section 1122, statutory and constitutional procedural requirements are satisfied. *West Mahanoy Twp. School District v. Kelly*, 156 Pa. Superior Ct. 601, 41 A.2d 344 (1945); *Batrus' Appeal*, 148 Pa. Superior Ct. 587, 26 A.2d 121 (1942). In the present case, the essence of the charges contained in the July 8, 1975 letter—*i.e.*, the abuse of personal business and sick leave for an entire school week—sufficiently informed appellant that his proposed dismissal was based on "persistent and willful violation of the school laws".

Finally, appellant argues that his right to a fair and impartial hearing was further violated when the actual written request of the student's mother—*i.e.*, a note dated February 21, 1975—submitted to the school district asking that her son be excused from

school February 24, 25 and 26, 1975, was considered at the hearing before the Secretary although it apparently was not introduced at the hearing before the Board. Initially, we emphasize that the Secretary can take and consider evidence in addition to that produced before the Board. Section 1131 of the Code, 24 P.S. §11-1131. More importantly, however, we have reviewed the transcript of the hearing before the Secretary, at which appellant was represented by counsel, and find that although the hearing examiner literally read aloud the contents of the note to appellant's counsel, the latter failed to raise one objection regarding the presence of the writing in the record before the Secretary. In such circumstances we cannot hold that appellant's right to a fair and impartial hearing was violated.

Accordingly, we will enter the following

## ORDER

AND Now, July 7, 1976, the order of the Secretary of Education, dated November 24, 1975, at No. 268, sustaining the dismissal of appellant as a professional employee of the Delaware Valley School District, is hereby affirmed; and the appeal of appellant is hereby dismissed.

Judge KRAMER did not participate in the decision in this case.