Clairton School District, Petitioner *v.* Matthew V. Strinich, Respondent.

Argued December 7, 1979, before Judges Crum-
lish, Jr., Mencer and MacPhail, sitting as a panel of
three.

*Ira Weiss*, of *Goldman, Weiss & Gross*, for peti-
tioner.

*Thomas W. Scott*, with him *Anthony D. Newman*,
of *Killian & Gephart*, for respondent.

Opinion by Judge Mencer, April 9, 1980:

Clairton School District appeals an order of the
Secretary of Education (Secretary) which reinstated
Matthew V. Strinich to his position as a professional
employee with the School District.

Strinich, a professional employee, was dismissed
by the Clairton School District Board of School Direc-
tors (Board), after a hearing, for persistent negli-
gence and persistent and wilful violation of school
laws, pursuant to Section 1122 of the Public School

Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1122. This dismissal was based upon Strinich's extended absence from work, allegedly without good cause, his failure to adequately maintain grade books and lesson plans in accord with school policy, his failure to report to cafeteria duty as directed, and verbal abuse directed toward his supervisor. Strinich appealed to the Secretary who, based upon consideration of the Board's record and additional evidence submitted by Strinich, determined that the evidence did not support the dismissal and ordered reinstatement. This appeal followed.

The School District first argues that the Secretary abused his discretion in permitting Strinich to present the deposition of a medical witness, absent a showing that this evidence either was unavailable at the time of the Board's hearing or was not presented for some other compelling reason. We disagree.

Section 1131 of the School Code, 24 P.S. §11-1131, provides that, on appeal to the Secretary (Superintendent of Public Instruction),

[t]he Superintendent of Public Instruction shall review the official transcript of the record of the hearing before the board, and *may hear and consider such additional testimony as he may deem advisable to enable him to make a proper order.* At said hearing the litigants shall have the right to be heard in person or by counsel or both.

After hearing and argument and reviewing all the testimony filed or taken before him, the Superintendent of Public Instruction shall enter such order, either affirming or reversing the action of the board of school directors, as to him appears just and proper. (Emphasis added.)

This section clearly gives the Secretary broad authority to consider whatever additional testimony he deems necessary in order to make a proper decision and negates the contention that his power should be limited in the manner suggested. Our decision in this regard comports with our recognition that the Secretary has ultimate factfinding power under Section 1131, see *Grant v. Board of School Directors, Centennial School District,* 43 Pa. Commonwealth Ct. 556, 403 A. 2d 157 (1979), and that the Secretary may consider evidence in addition to that presented to the Board, see *Lucciola v. Commonwealth,* 25 Pa. Commonwealth Ct. 419, 360 A.2d 310 (1976).[1]

Further, we are satisfied that, under the facts of this case, the Secretary did not abuse his discretion in considering the physician's deposition, since there was conflicting testimony before the Board regarding Strinich's physical ability to return to work and the additional evidence enabled the Secretary to adjudge the credibility of Strinich's claim.

The School District next argues that the Secretary erred in concluding that the dismissal was not supported by substantial evidence, *i.e.,* that the School District failed to meet its burden of proving that Strinich was guilty of persistent negligence or persistent and wilful violation of the school laws under Section 1122.

Based, in part, upon the additional medical evidence, the Secretary concluded that Strinich was unable to resume his teaching duties for medical reasons and that it had not been shown that his absence was without good cause. Since substantial evidence exists

---

[1] We find no merit in the School District's contention that, in deciding as we do, we have effectively changed the Secretary's legislatively provided scope of review from one appellate in nature to one de novo.

to support this conclusion, a substantial ground for dismissal is removed.

As to the remaining incidents, the Secretary concluded that, whether taken individually or collectively, they did not warrant dismissal, since Strinich's conduct was neither persistent nor serious enough to constitute persistent negligence or wilful and persistent violation of school laws.

> As a general proposition, 'persistent' is defined as 'continuing' or 'constant'. . . . In particular application, persistency characterizes a violation of the school laws by a professional employee where the violation occurs either as a series of individual incidents . . . or as one incident carried on for a substantial period of time. (Citations omitted.)

*Lucciola v. Commonwealth, supra,* 25 Pa. Commonwealth Ct. at 423, 360 A.2d at 312.

Repeated conduct evidencing a disregard of duty or defiance of supervisory authority has been held to warrant dismissal. *See, e.g., Swick v. School District of Tarentum Borough,* 344 Pa. 197, 25 A.2d 314 (1942); *Boehm v. Board of Education, School District of Pittsburgh,* 30 Pa. Commonwealth Ct. 468, 373 A.2d 1372 (1977); *Spano v. School District of Brentwood,* 12 Pa. Commonwealth Ct. 170, 316 A.2d 162 (1974).

The Secretary made the following findings of fact which are supported by the evidence:

> 3. On September 9, 1977 and on several occasions thereafter, the Appellant submitted lesson plans to the Assistant Principal of the Clairton Middle School. According to the school district, the lesson plans submitted by the Appellant were incomplete and not in conformity with the format for lesson plans contained in a bulletin and policy manual concerning such plans.

4. On September 12, 1977, the Appellant failed to report to cafeteria duty as instructed by Richard Bertini, Assistant Principal of Clairton Middle School. Apparently, the Appellant was released from a previously assigned duty (hall duty) and was asked to report instead for cafeteria duty.

5. On September 13, 1977, Appellant was requested to teach a second period class due to the illness of another teacher. According to a witness for the school district, the Appellant became verbally hostile and argumentative in response to the request. Thereafter, the Appellant reported that he was ill and left work for the day.

6. On September 16, 1977, Appellant apparently became ill and asked to be allowed to leave work early. Upon making his request, he was informed by the Assistant Principal that he would have to sign a note saying that he, the Appellant was ill and indicating that the business office would require an excuse from the Appellant's physician. According to a witness for the district, Appellant responded by saying 'This place is run like a concentration camp.' 'The Nazis use the same approach when they send all the people to the ovens,' and 'I think that you are violating my rights and I don't have to sign this note because I am without representation.'

7. As part of his duties as a teacher in the school district, Appellant was required to keep a grade book. According to a witness for the district, Appellant's grade book did not conform to the requirements of the district with regard to the keeping of grade books.

We conclude that these various acts of Strinich challenged and defied the authority of his superiors.

Strinich's acts, as found by the Secretary, were insubordinate and hostile. They were outward expressions of an unwillingness to follow reasonable directives and to comply with direct orders. They clearly evidenced an uncooperative and a belligerent spirit. Here, the deficiencies in Strinich's lesson plans and grade books which were not in conformity with the school district's policy manual, the intemperate and irrational verbal outburst to the assistant principal when requested to sign a note that his leaving work was due to illness, the refusal to report to cafeteria duty as directed by his superior, and the refusal to teach a second-period class due to the illness of another teacher, considered collectively, were of such a continuing or constant nature as to warrant being held persistent. *Lucciola v. Commonwealth, supra.*

Consequently, we conclude that sufficient cause has been demonstrated to discharge Strinich as a professional employee for persistent negligence and persistent and wilful violation of school laws,[2] and therefore we reverse the Secretary's order and sustain the dismissal of Strinich by the Board.

## ORDER

AND Now, this 9th day of April, 1980, the order of the Secretary of Education of the Commonwealth of Pennsylvania, dated April 12, 1979, sustaining the appeal of Matthew V. Strinich and reinstating him to his former position with the Clairton School District, with full back pay, is reversed.

---

[2] Violations or disobedience of school board rules and regulations and orders of supervisory personnel of a school district can be defined as "persistent and wilful violation of the school laws" and be a basis for dismissal of a professional employee. *See Ambridge Borough School District v. Snyder*, 346 Pa. 103, 29 A.2d 34 (1942).

396

President Judge Bowman and Judge DiSalle did not participate in the decision in this case.