David Clark, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 4, 1981, before Judges MENCER, ROGERS and MACPHAIL, sitting as a panel of three.

*Theodore M. Lieverman,* with him *Richard Kirschner, Kirschner, Walters & Willig,* for petitioner.

*Francine Ostrovsky,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, May 1, 1981:

David Clark (claimant) has appealed from a decision of the Unemployment Compensation Board of Review (Board) affirming the order of the referee which denied claimant benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant was employed as a psychiatric aide at Norristown State Hospital (employer) when he was discharged for allegedly striking a patient. The findings of fact made by the referee and adopted by the Board state that claimant hit a patient after being struck by that patient on the side of his head. The Board concluded from these findings that claimant was discharged for willful misconduct within the meaning of Section 402(e) of the Act.

Although he testified that he has no memory of the incident, claimant does not dispute that he struck the patient. Rather, claimant maintains that his action was an involuntary response caused by the patient's blow to his head, which had rendered him unconscious. The referee, however, made no finding of fact regard-

ing the consciousness of claimant's act, even though this issue was specifically raised by claimant's testimony.

This court has repeatedly defined willful misconduct as an act of *wanton* or *willful* disregard of the employer's interest, a *deliberate* violation of the employer's rules, a *disregard* of standards of behavior which the employer has a right to expect of his employee, or negligence which manifests *culpability, wrongful intent, evil design* or *intentional* and substantial disregard for the employer's interests. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168 (1973). This definition clearly entails an element of intent or consciousness of wrongdoing on the part of the employee. *MacFarlane v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 550, 317 A.2d 324 (1974).

Therefore, in failing to determine the consciousness of claimant's act, the adjudication did not include all findings necessary to resolve the issue raised by the evidence and relevant to the decision. *Page's Department Store v. Velardi*, 464 Pa. 276, 346 A.2d 556 (1975). We cannot infer from the absence of a finding on claimant's intent that this issue was resolved in favor of the employer, since the facts may have been overlooked or the law may have been misunderstood by the factfinder below. *Id.* at 287, 346 A.2d at 561. We must, therefore, remand the case so that the necessary findings may be supplied.

Accordingly, we enter the following

ORDER

AND Now, this 1st day of May, 1981, the order of the Unemployment Compensation Board of Review, dated March 27, 1980, denying benefits to David

Clark, is vacated, and the case is remanded to the Board for the purpose of making findings of fact on whether or not David Clark acted intentionally in hitting a patient at Norristown State Hospital on February 8, 1979 and of thereafter rendering a decision.

Judge WILKINSON, JR. did not participate in the decision in this case.