431 A.2d 267

**Matthew V. STRINICH, Appellant,**

v.

**CLAIRTON SCHOOL DISTRICT.**

Supreme Court of Pennsylvania.

Submitted March 3, 1981.

Decided July 2, 1981.

Reargument Denied Nov. 9, 1981.

298

Thomas W. Scott, Killian & Gephart, Harrisburg, for appellant.

Ira Weiss, Goldman, Weiss & Gross, P. C., Pittsburgh, for appellee.

Michael I. Levin, Cleckner & Fearen, Kent H. Patterson, Harrisburg, for amicus curiae Pa. School Boards Ass'n.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

O'BRIEN, Chief Justice.

This appeal is from an order of the Commonwealth Court which reversed a decision of the Secretary of Education and upheld the dismissal of appellant, Matthew V. Strinich, a tenured teacher, by appellee, the Clairton School District.

In January, 1978, appellant was notified that the school district was seeking to dismiss him from his position as a tenured teacher because of appellant's persistent negligence. The School Code of 1949[1] provides:

"The only valid causes for termination of a contract . . . entered into with a professional employe shall be immorality, incompetency, intemperance, cruelty, *persistent negligence*, mental derangement, advocation of or participating in un-American or subversive doctrines, persistent and wilful violation of the school laws of this Commonwealth on the part of the professional employe. . .".

24 P.S. § 11–1122 (emphasis added). On February 2, 1978, a hearing on the charges was held before the Clairton Board of School Directors [Board] as required by the School Code. 24 P.S. § 11–1127. Following the hearing the Board voted to dismiss appellant who then appealed to the Secretary of Education pursuant to § 11–1131 of the School Code, which provides:

"In case the professional employe concerned considers himself . . . aggrieved by the action of the board of school directors, an appeal, by petition, setting forth the grounds for such appeal, may be taken to the Superintendent of Public Instruction [now the Secretary of Education] at Harrisburg.

\* \* \* \* \* \*

"The [Secretary of Education] shall review the official transcript of the record of the hearing before the board, *and may hear and consider such additional testimony as he may deem advisable to enable him to make a proper order*
. . . .

1. Act of March 10, 1949, P.L. 30, art. I, §§ 101 *et seq.*, 24 P.S. §§ 1–101 *et seq.*

"After hearing and argument and reviewing all the additional testimony filed or taken before him, the [Secretary of Education] shall enter an order, either affirming or reversing the action of the board of school directors, as to him seems just and proper."

24 P.S. § 11–1131 (emphasis added).

At the hearing before a hearing examiner, appellant introduced additional testimony. On April 12, 1979, the Secretary of Education, Robert G. Scanlon [Secretary], reversed the decision of the Board and ordered appellant reinstated with full back pay.

The school district then appealed the Secretary's decision to the Commonwealth Court pursuant to Section 11–1132 of the School Code, which provides:

"The ruling of the Secretary of Education shall be final, unless, an appeal is taken in accordance with the provisions of the act of June 4, 1945 (P.L. 1388, No. 442), known as the 'Administrative Agency Law'."

24 P.S. § 11–1132 (Supp.1980–81).[2] On April 9, 1980, the Commonwealth Court entered an Opinion and Order which reversed the Secretary of Education and upheld appellant's dismissal. *Clairton School District v. Strinich*, 50 Pa. Cmwlth. 389, 413 A.2d 26 (1980). We granted appellant's petition for allowance of appeal and this appeal followed.

Appellant argues that the Commonwealth Court abused its discretion in overturning the decision of the Secretary of Education. Appellant perceives the Commonwealth Court's action as one where that court substituted its discretion for that of the Secretary of Education. We, however, view the matter in a different manner and believe that the Commonwealth Court must be affirmed.

The Legislature has provided:

". . . [T]he court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, *or is not in accord-*

2. The Administrative Agency Law referred to above has been recodified in the Act of April 28, 1978, P.L. 202, No. 53, § 5, 2 Pa.C.S.A. §§ 501–08 and §§ 701–04 (Supp. 1980–81).

*ance with law*, or that the provisions of Subchapter A of Chapter 5 (relating to practice and procedure of Commonwealth agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence."

2 Pa.C.S.A. § 704 (Supp. 1980–81) (emphasis added). Notwithstanding appellant's perception of the Commonwealth Court's action, we believe the court's decision in the instant case amounts to a finding that the Secretary's decision was "not in accordance with law."

The Board, following its hearing in the instant matter, made findings of fact, some of which are as follows:

"(j) That Strinich has persistently failed to maintain lesson plans in accordance with written and oral directives from Mr. Bertini, his immediate supervisor, during the time he worked in September, 1977;

"(k) That Strinich has persistently failed to maintain a grade book in the manner and form required by his supervisor, Mr. Bertini;

"(*l*) That on September 13, Strinich directly disobeyed his superior, Mr. Bertini, by failing to report for (cafeteria) duty as directed;

"(m) That on September 13, Strinich displayed an unreasonably abusive and hostile attitude and used abusive and hostile language towards his superior when requested to assume cafeteria duty;

"(n) That on various occasions, Strinich has been unreasonably hostile and abusive in his relationships with his superior, Mr. Bertini."

Further, the Board found that appellant had not reported to work from September 29, 1977, until the date of the hearing. Appellant had been hit in the neck by a book thrown by one of the students. The school doctor testified that he had examined appellant and that appellant could have returned to work on October 10, 1977. The Board, finding a long unexcused absence along with the specific incidents of mis-

conduct mentioned above, found that appellant had been persistently negligent and as a result, ordered his dismissal.

■ At the hearing before the Secretary, appellant presented additional evidence. He had requested permission to introduce, by way of written interrogatories, testimony of his physician. When the school district objected to the taking of this deposition,[3] the Secretary entered an order allowing the taking of the deposition, provided the school district could submit its own interrogatories to cross-examine the doctor. The physician's answers to the interrogatories were then made part of the record for the Secretary's consideration. Based on his review of all the evidence before him, the Secretary made the following findings of fact:

"3. On September 9, 1977 and on several occasions thereafter, [Strinich] submitted lesson plans to the Assistant Principal of the Clairton Middle School. According to the school district, the lesson plans submitted by [Strinich] were incomplete and not in conformity with the format for lesson plans contained in a bulletin and manual concerning such plans.

"4. On September 12, 1977, [Strinich] failed to report to cafeteria duty as instructed by Richard Bertini, Assistant Principal of Clairton Middle School. Apparently, [Strinich] was released from a previously assigned duty (hall duty) and was asked to report instead for cafeteria duty.

"5. On September 13, 1977, [Strinich] was requested to teach a second period class due to the illness of another teacher. According to a witness for the school district, [Strinich] became verbally hostile and argumentative in

3. From the arguments presented by both parties, there is some confusion concerning the nature of the Secretary's review, *i. e.*, is the Secretary limited to traditional appellate review or can the Secretary hold a *de novo* hearing. We believe that the review in question encompasses aspects of both. The School Code explicitly states that the Secretary may take additional testimony. 24 P.S. § 11–1131. To the extent that additional testimony is taken, the Secretary may make additional findings of fact. If no such additional testimony is taken, however, the Secretary's review is limited to traditional appellate review. *Compare, Jones v. Workmen's Compensation Appeal Board,* 25 Pa.Cmwlth. 546, 551, 360 A.2d 821, 824 (1976).

response to the request. Thereafter, [Strinich] reported that he was ill and left work for the day.

"6. On September 16, 1977, [Strinich] apparently became ill and asked to be allowed to leave work early. Upon making his request, he was informed by the Assistant Principal that he would have to sign a note saying that he, [Strinich], was ill and indicating that the business office would require an excuse from [Strinich's] physician. According to the witness for the district, [Strinich] responded by saying, 'This place is run like a concentration camp.', 'The Nazis use the same approach when they send all the people to the ovens', and 'I think you are violating my rights and I don't have to sign this note because I am without representation.'

"7. As part of his duties as a teacher in the school district, [Strinich] was required to keep a grade book. According to a witness for the district [Strinich's] grade book did not conform to the requirements of the district with regard to the keeping of grade books." (citations to the record omitted).

The Secretary did, however, consider the evidence presented by appellant's physician, whose answers to the written interrogatories indicated that appellant was absent from work after being hit by the book thrown by one of the students because appellant was unable to move his neck. Further, the doctor advised appellant not to return to work until he had completely recovered, something which had not happened by the time the hearing was held before the Board. The Secretary thus, on the basis of additional evidence, properly found that appellant had an excuse for not reporting to work, directly contrary to the finding of the Board. Further, the Secretary found that the five specifically enumerated instances of misconduct did not amount to "persistent negligence" and thus reversed the Board and ordered appellant be reinstated with full back pay.

The Commonwealth Court, adopting the findings of fact of the Secretary, reversed and stated:

"Strinich's acts, as found by the Secretary, were insubordinate and hostile. They were outward expressions of an unwillingness to follow reasonable directives and to comply with direct orders. They clearly evidenced an uncooperative and a belligerent spirit. Here, the deficiencies in Strinich's lesson plans and grade books which were not in conformity with the school district's policy manual, the intemperate and irrational verbal outburst to the assistant principal when requested to sign a note that his leaving work was due to illness, the refusal to report to cafeteria duty as directed by his superior, and the refusal to teach a second period class due to the illness of another teacher, considered collectively, were of such a continuing or constant nature as to warrant being held persistent."

*Clairton School District v. Strinich, supra,* 50 Pa.Cmwlth. at 395, 413 A.2d at 29.

■ As previously stated, we find the Commonwealth Court clearly had the authority to decide that the facts as given to the Secretary compelled the court to reach a different legal conclusion from that reached by the Secretary. If the result were otherwise, the Commonwealth Court would be limited to determining whether appellant's constitutional rights had been violated, whether the agency's procedures had been violated or whether the findings of fact were supported by the record. Such a reading of 2 Pa.C. S.A. § 704 would effectively excise the language "or not in accordance with law" contained in the statute. We agree with the Commonwealth Court, when it held:

"... even though the findings of fact are determined to have satisfied the so-called 'substantial evidence' such finding must also support the conclusions of law made by the commission if its adjudication is to stand."

*State Real Estate Commission v. Bewley,* 1 Pa.Cmwlth. 85, 90, 272 A.2d 531, 533 (1971).

The last question we must decide is whether the Commonwealth Court was correct in its determination that the evidence presented established "persistent negligence" and thus justified appellant's dismissal.

■ In *Johnson v. United School District Joint Board*, 201 Pa.Super. 375, 191 A.2d 897 (1963), the court held that a teacher's refusal to attend *one* open house, after being repeatedly warned to do so, would support a dismissal under persistent negligence and persistent and willful violation of school laws. Further, as the Commonwealth Court has stated:

"As a general proposition, 'persistent' is defined as 'continuing' or 'constant'. In particular application, persistency characterizes a violation of the school laws by a professional employee where the violation occurs either *as a series of individual incidences*, or as one incident carried on for a substantial period of time."

*Lucciola v. Secretary of Education*, 25 Pa.Cmwlth. 419, 423, 360 A.2d 310, 312 (1976) (emphasis added); *Accord, Swick v. School District of Tarentum Borough*, 344 Pa. 197, 25 A.2d 314 (1942). We feel compelled, in light of appellant's continuous conduct during the month of September, 1977, and in light of case law defining persistent negligence, to affirm the Commonwealth Court's decision reversing the Secretary and upholding the Board's dismissal of appellant.

Order of the Commonwealth Court is affirmed.