Bethel Park School District, Petitioner *v.* Bette T. Krall, Respondent.

Argued May 3, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*John R. Johnson*, with him *A. Bruce Bowden, Buchanan, Ingersoll, Rodewald, Kyle & Buerger*, for petitioner.

*Joseph M. Ludwig, Ludwig & Achman*, for respondent.

OPINION BY JUDGE CRAIG, June 8, 1982:

The Bethel Park School District here appeals an order of the Secretary of Education sustaining the appeal of Bette T. Krall, a professional employee, who was dismissed by the district for conduct considered immoral under Section 1122 of the Public School Code.[1]

The facts of the incident which resulted in Mrs. Krall's dismissal are not in dispute. Mrs. Krall had been a tenured professional employee of the district since 1969, and was also an elected director of another school district in which she resides. In that latter capacity, Mrs. Krall wished to attend a conference in New Orleans, Louisiana, on February 14 and 15, 1979. Having previously requested and been refused paid personal time off to attend conferences unrelated to her work in Bethel Park, Mrs. Krall did not request personal time off to attend this conference; instead, she simply informed her principal's secretary that she would be unavailable to perform her duties on the subject dates.

After attending the conference and returning to work, Mrs. Krall submitted a report of excused ab-

---

[1] Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1122, which provides:

The only valid causes for termination of a contract heretofore or hereafter entered into with a professional employe shall be immorality, . . . or . . . persistent and wilful violation of the school laws of this Commonwealth on the part of the professional employee. . . .

sence for February 14 and 15, 1979, listing illness as the reason for her absence. Shortly thereafter, Mrs. Krall submitted a statement from her physician indicating that she was ill on the subject dates. This statement was based on misrepresented information received from Mrs. Krall's husband without the benefit of an actual physical examination. Upon learning of the misrepresentation, Mrs. Krall's physician contacted the school district to retract his report.

Subsequently, following a hearing, the board dismissed Mrs. Krall, determining that her conduct amounted to immorality under the Code. Mrs. Krall appealed her dismissal to the Secretary of Education, and a hearing was held on October 3, 1979. Two years later, on November 30, 1981, the Secretary of Education sustained Mrs. Krall's appeal, concluding that she did not act in an immoral manner. This appeal by the board ensued.[2]

Where, as here, the Secretary did not take additional testimony,[3] his scope of review is limited to a determination of (1) whether there was substantial evidence to support the board's action and (2) whether, as a matter of law, the public employee's conduct

[2] The board's petition for review questioned the Secretary's decision in regard to both his ruling on the question of immorality *and* his ruling on the question of persistent and willful violation of the school rules. However, counsel for the school board stated before the hearing examiner that the decision to terminate Mrs. Krall was made solely on the issue of immorality. Thus the only issue before this court is that of Mrs. Krall's "immorality" under the Code.

[3] Mrs. Krall contends that the Secretary improperly refused to take additional testimony. However, the Code explicitly states that the Secretary "may hear and consider such additional testimony as he may deem advisable to enable him to make a proper order." 24 P.S. §11-1131. *See Clairton School District v. Strinich,* 50 Pa. Commonwealth Ct. 389, 391, 392, 413 A.2d 26, 28 (1980), *aff'd.* 494 Pa. 297, 431 A.2d 267 (1981).

constituted a violation of the school code. *Strinich v. Clairton School District,* 494 Pa. 297, 431 A.2d 267 (1981); *Langley v. Uniontown Area School District,* 28 Pa. Commonwealth Ct. 69, 72, 367 A.2d 736, 737, 738 (1977).[4] Thus, the issue here is whether Mrs. Krall's conduct constituted immorality as a matter of law. *See Landi v. West Chester Area School District,* 23 Pa. Commonwealth Ct. 586, 590, 353 A.2d 895, 897 (1976).[5]

Our Supreme Court, in *Horosko v. Mt. Pleasant Township School District,* 335 Pa. 369, 372, 6 A.2d 866, 868, *cert. denied,* 308 U.S. 553, 60 S. Court 101, 84 L.Ed. 465 (1939), defined "immorality" in Section 1122 of the Code as:

> A course of conduct as offends the morals of the community and is a bad example to the youth whose ideals of teachers is supposed to foster and elevate.

Moreover, questions of morality are not limited to sexual conduct, but may include lying. *See Appeal of Flannery,* 406 Pa. 515, 178 A.2d 751 (1962).

The determination of community standards is made by the school board, and thus a finding of the board that a professional employee was guilty of offending the moral standards of the community by his actions will not be disturbed on appeal when supported by substantial evidence. *Penn-Delco School District v.*

---

[4] In *Strinich,* our Supreme Court clarified the standard of scope of review in matters involving the Secretary of Education:

> To the extent that additional testimony is taken, the Secretary may make additional findings of fact. If no such additional testimony is taken, however, the Secretary's review is limited to traditional appellate review. *Strinich,* 494 Pa. at 302, 431 A.2d at 269, n. 3.

[5] In *Landi,* Judge Rogers indicated that whether conduct constituted "cruelty" (a Section 1122 classification) was a matter of law.

*Urso,* 33 Pa. Commonwealth Ct. 501, 382 A.2d 162 (1978). Such substantial evidence necessary to justify dismissal is determined by whether a reasonable person acting reasonably might have reached the same decision as the board. *Id.*

Although Mrs. Krall's unexcused absences might also have been considered in the context of "persistent willful misconduct,"[6] at least her misrepresentations are properly the subject of an immorality charge. Given our limited scope of review, we cannot say that a reasonable person might not have reached the same decision as the board.

Accordingly, we reverse.

### ORDER

Now, June 8, 1982, the order of the Secretary of Education, dated November 30, 1981, No. 9-79, is hereby vacated, and the decision of the Bethel Park School District, Allegheny County, terminating the contract of Bette T. Krall is hereby reinstated.

---

[6] *See Lucciola v. Secretary of Education,* 25 Pa. Commonwealth Ct. 419, 360 A.2d 310 (1976).