James F. Crossland, Petitioner *v.* Bensalem Township School District, Respondent.

Argued May 12, 1983, before Judges BLATT, MAC-PHAIL and BARBIERI, sitting as a panel of three.

*Ward F. Clark, Pratt, Clark, Gathright & Brett,* for petitioner.

*Catherine Votaw,* with her *D. Donald Jamieson* and *Steven R. Williams, Mesirov, Gelman, Jaffe, Cramer & Jamieson,* for respondent.

OPINION BY JUDGE BLATT, August 23, 1983:

James F. Crossland appeals an order of the Secretary of Education sustaining his dismissal from the position of principal of Cecilia Snyder Middle

School by the Board of School Directors (Board) of the Bensalem Township School District (District) on the grounds of incompetency and persistent negligence.

Crossland first argues that the finding that he was "incompetent" and "persistently negligent" is not supported by substantial evidence in the record. A careful reading of the record, however, reveals that the following findings of fact are supported by the testimony received during the 11 days of hearings.

20. On April 24, 1979, Appellant was directed to review textbooks which were five years old for possible replacement. Although this task was to be completed by June 30, 1979, Mr. Crossland had not complied with this directive by November 13, 1979.

21. Although reminded several times, Appellant did not supply program codes for the budget as directed.

22. Despite several warnings, Appellant did not submit his yearly goals to Dr. Snyder by September 12, 1979 as requested on August 30, 1979. These goals were submitted approximately two months late.

23. Teaching schedules for September 1979, were not completed by July 2, 1979.

24. On December 21, 1979, Principals were requested to submit their 1980-81 budgets by February 15, 1980. Appellant's budget was not received until March 28, 1980.

Further, the Board found that, although instructional requisitions for materials to be delivered the ensuing school year were to be processed in April, 1979, Mr. Crossland did not forward the appropriate requisitions until between September and November, 1979, resulting in the late receipt of reading, mathematics, geography, athletic and industrial arts materials.

Crossland argues further that his actions do not constitute *"persistent"* negligence. In *Strinich v. Clairton School District*, 494 Pa. 297, 431 A.2d 267 (1981), however, our Supreme Court held that even misconduct during a single month could amount to "persistent negligence", stating that:

> As a general proposition, "persistent" is defined as "continuing" or "constant." In particular application, persistency characterizes a violation of the school laws by a professional employee where the violation occurs either *as a series of individual incidences*, or as one incident carried on for a substantial period of time. (Emphasis in original.)

*Strinich* at 305, 431 A.2d at 271. In light of the ample testimony concerning the appellant's continuous failure to meet relevant deadlines despite numerous reminders and warnings, therefore, we note substantial evidence in the record to support the Board's finding of "persistent negligence."

The appellant next argues that the *form* on which he was thrice evaluated "unsatisfactory" (the DEBE-333) was not an approved rating system as required by Section 1123 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1123. We have previously held, however, that the DEBE-333 is an acceptable form. *Gabriel v. Trinity Area School District*, 22 Pa. Commonwealth Ct. 620, 350 A.2d 203 (1976).

The appellant also argues that he was not given "full, impartial and unbiased consideration" within the meaning of Section 1130 of the Code, 24 P.S. §11-1130. He argues that, because the Board deliberated for only one hour and fifteen minutes, it could not have given the evidence "full" consideration. We note, however, that the Board held 11 days of hearings and took a great deal of evidence over a

three-month period. The fact that the final deliberation involved only one hour and fifteen minutes is insufficient evidence of a lack of compliance with statutory or constitutional requirements. *See Board of Education of the School District of Pittsburgh v. Pyle*, 37 Pa. Commonwealth Ct. 386, 390 A.2d 904 (1978). As to the appellant's contention that the presence of the Superintendent, an adverse witness, *in the building* on the evening of the Board's deliberations was improper and violated his constitutional rights, we do not believe that his mere presence in the building was improper here. He was in a separate room and had no contact with the Board. Additionally, we note that the testimony indicates that it was the Superintendent's normal practice to supervise the opening and securing of the building whenever the Board met *on any matter*. We do not believe, therefore, that the record supports the appellant's contention that his constitutional rights were violated.

Because our careful review of the record indicates that the adjudication is in accordance with the law, that it did not violate the appellant's constitutional rights, and that the necessary findings of fact are supported by substantial evidence, *Strinich*, we will affirm the order of the Secretary of Education.

ORDER

AND, Now, this 23rd day of August, 1983, the order of the Secretary of Education in the above-captioned matter is hereby affirmed.