Eric Ward, Petitioner *v.* Board of Education of the School District of Philadelphia, Respondent.

Argued April 12, 1985, before Judges DOYLE and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Gilbert E. Toll, Ominsky, Joseph & Welsh, P.C.,* for petitioner.

*Vincent J. Salandria,* for respondent.

OPINION BY SENIOR JUDGE BARBIERI, August 22, 1985:

This is an appeal by Eric Ward who petitions for review of an order of the Secretary of Education (Secretary) which sustained the decision of the Board of Education of the School District of Philadelphia (Board) which dismissed him as a professional employee effective June 30, 1981. We affirm.

Ward was a tenured professional employee with the Philadelphia School District with twenty-one years of service. He had been employed with the District in various capacities since 1958. He was dismissed by the Board effective June 30, 1981, following two hearings on two charges. The first charge was that he had exceeded sick leave under the school district's policy, in that he had consumed one year of sick leave to which he was entitled and, after returning to duty, exceeded the ten additional days of sick leave to which he was entitled upon his return to duty. The second charge was that he had used improper force in throwing a student out of his classroom and that he was intoxicated at the time of the incident. Following two hearings, the Board held a meeting at which it voted six to three to dismiss Ward. After the vote was taken and recorded, one of the Board members desired to change his vote from dismissal to retention. A motion to reopen the vote on Ward's dismissal was made and defeated. Ward appealed his dismissal to the Secretary who affirmed the Board's decision on May 8, 1984. The Secretary upheld his dismissal solely upon the charge that he abused his sick leave. The second charge of improper force and intoxication was not reached by the Secretary. Ward then appealed the Secretary's order to this Court.

In this appeal, Ward contends that (1) the Secretary's findings are not supported by substantial evidence; (2) the Secretary erred as a matter of law when he held that his conduct constituted persistent negligence and willful and persistent violation of the Public School Code of 1949 (School Code);[1] and (3) the order entered by the Board dismissing him was defective in that a Board member who originally voted

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§1-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.

for dismissal was not permitted to change his vote to retention. We shall address these issues seriatim. Of course, we are cognizant that our scope of review of the Secretary's order which affirmed a school district's dismissal of a tenured teacher is limited to determining whether an error of law was committed, constitutional rights were violated, or necessary findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *McCoy v. Lincoln Intermediate Unit No. 12,* 38 Pa. Commonwealth Ct. 29, 391 A.2d 1119 (1978), *cert. denied,* 441 U.S. 923 (1979).

We shall first examine Ward's contention that the Secretary's findings of fact necessary to support his dismissal are not supported by substantial evidence.[2]

---

[2] The findings of the Secretary which Ward contends are unsupported by substantial evidence are findings five, six, eleven, thirteen, and seventeen. Those findings read as follows:

5. When Appellant [Ward] returned to work on November 3, 1980, he had no sick leave left; it was the last day he could return before having unexcused absences. [citations to record omitted].

6. The policy of the District was that an employee who returns after a year of sick leave and uses more than five days of sick leave in the first five months after returning may be terminated. [citations to record omitted].

. . . .

11. While teaching at the Prince Hall School, Appellant used more than ten days of sick leave by April 1, 1981. [citations to record omitted].

. . . .

13. On that same day [March 12, 1981], immediately after the incident [throwing a student out of his classroom], the child stated to Ms. Young [the principal of the Prince Hall School] that Appellant had used excessive physical force. [citations to record omitted].

. . . .

17. The medical report from this [Health Services Office] examination revealed that Appellant was slightly un-

With regard to the charge that he abused his sick leave, he argues that the Secretary's findings, that he had no sick leave available when he returned to duty on November 3, 1980, that District policy was to terminate employees who use more than five days of sick leave in the first five months after they return from a year of sick leave, and that he had used more than ten days of sick leave by April 1, 1981, are not supported by substantial evidence. In regard to his available sick leave, we note that the record is quite clear that Ward returned to duty on November 3, 1980, precisely because he had exhausted his available sick leave and would have been subject to dismissal had he not returned to duty. It was only *after* he returned to his teaching duties was he entitled to the ten days of sick leave mentioned in the District's Administrative Bulletin No. 12 upon which he relies. The Secretary's finding that he had exhausted his available sick leave when he returned to duty on November 3, 1980 is supported by substantial evidence. As for the Secretary's finding as to the District's policy regarding employees returning from a year of sick leave, that finding is amply supported by the testimony of Murray Bookbinder, the District's Executive Director of Personnel and Labor Relations. Bookbinder's testimony on this point was clear and specific and provides the required evidentiary support for the Secretary's finding. Finally, on the abuse of sick leave charge, Ward's challenge to the Secretary's finding

---

der the influence of alcohol [at the time of the incident].
[citations to record omitted].

"Substantial evidence" has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and must be more than a mere scintilla of evidence or suspicion of the fact to be established. *E.g., Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) ; *Barnes v. Department of Justice*, 70 Pa. Commonwealth Ct. 47, 452 A.2d 593 (1982).

that he consumed more than ten days of sick leave by April 1, 1981 is frivolous. In his brief, he concedes that in fact he did use more than ten days of sick leave by April 1, 1981 but attempts to explain it away by pointing to certain alleged health problems to explain his absences. Accordingly, we must reject his evidentiary challenge to the Secretary's findings as to the abuse of sick leave charge and find that they are supported by substantial evidence.

Ward also challenges two of the Secretary's findings relating to the charge that he used improper force in ejecting a student from his classroom and was intoxicated at the time. In that the Secretary did not reach this charge when he sustained the Board's dismissal of him, that issue is not now before us. As the Secretary affirmed the Board's decision solely upon the abuse of sick leave charge, the findings pertaining to the other charge are irrelevant for purposes of this appeal.

We now consider Ward's next contention which is that the Secretary erred as a matter of law when he concluded that his conduct constituted persistent negligence and willful and persistent violation of the school laws under Section 1122 of the School Code, 24 P.S. §11-1122, and a valid cause for his dismissal. We have previously held that abuse of sick leave may constitute proper grounds for dismissal of a tenured professional employee under Section 1122. *See e.g., Bethel Park School District v. Krall,* 67 Pa. Commonwealth Ct. 143, 445 A.2d 1377 (1982), *cert. denied,* 464 U.S. 851, 78 L. Ed. 2d 148 (1983); *Clairton School District v. Strinich,* 50 Pa. Commonwealth Ct. 389, 413 A.2d 26 (1980), *aff'd,* 494 Pa. 297, 431 A.2d 267 (1981), *cert. denied,* 456 U.S. 982 (1982); *Lucciola v. Secretary of Education,* 25 Pa. Commonwealth Ct. 419, 360 A.2d 310 (1976). Our review of the record satisfies us that the Secretary's conclusion that Ward's con-

duct constituted persistent negligence and persistent and willful violation of the school laws is well-founded and correct. There is no question that Ward was excessively absent from his duties as a sixth grade teacher at the Prince Hall School by consuming more sick leave days than even the most generous interpretation of the District's policy would have allowed. In addition, the record shows that he did not report his absences as required by District policy so that a substitute may be procured. These excessive absences, as well as Ward's failure to properly report them, constituted a continuing disruption to both the administration of the school as well as to the learning process of his students. We, therefore, agree with the Secretary that there is substantial evidence to support a finding of just cause for dismissal under Section 1122.

We now turn to Ward's final contention which is that the Board violated Section 1129 of the School Code, 24 P.S. §11-1129, by failing to allow a Board member to change his vote and when it merely voted to dismiss him rather than voting on each specific charge. We disagree with both prongs of this contention.

Section 1129 requires that a two-thirds majority vote of the school board, to be recorded by roll call, is required to discharge a tenured professional employee. If the vote to discharge is less than a two-thirds majority, the professional employee shall be retained. *See also, In re Swink,* 132 Pa. Superior Ct. 107, 200 A. 200 (1938). Here, after holding two hearings, the Board, on October 12, 1982, after a roll call vote, voted six to three in favor of a resolution terminating the services of Ward effective June 30, 1981. Six votes in favor of dismissal out of nine Board members constitutes the two-thirds majority necessary to dismiss a professional employee under Section 1129.

The attempt of one Board member to change his vote, after the fact, from dismissal to retention, does not invalidate the initial roll call vote. The Board had adopted a set procedure under Roberts Rules of Order whereby a motion to rescind the resolution dismissing Ward was required for the member to change his vote. This Board member duly presented such a motion at the next Board meeting but it was defeated. We cannot agree with Ward that the Board's defeat of the motion to rescind its resolution dismissing him violated Section 1129. Rather, we agree with the Secretary that the vote of the Board was in accordance with Section 1129 and conclude that we should not interfere with the reasonable application of rules of procedure governing the Board's meetings. We are satisfied that the Board's process for reconsideration of a vote is sufficient legal protection of the guarantee of a fair hearing.

We find equally unmeritorious the second prong of Ward's final contention, his challenge to the sufficiency of the Board's resolution dismissing him. Ward contends that since the Board's resolution which dismissed him did not specifically state which charges were substantiated by the evidence,[3] the resolution is defective under Section 1129. Our review of the record shows that Ward did not challenge the adequacy of the Board's resolution in his appeal to the Secretary. As he failed to raise this issue before the

---

[3] The Board's resolution of October 12, 1982, which dismissed Ward as a professional employee, reads as follows:

WHEREAS, Eric Ward was suspended based on charges brought against him,

WHEREAS, a hearing on those charges was conducted before the Board of Education, and

WHEREAS, the Board of Education has reviewed the notes of testimony; now, therefore, be it

RESOLVED, that Eric Ward be terminated from service effective June 30, 1981.

Secretary, it may not be considered for the first time on judicial review and we must consider that issue as waived. Section 703(a) of the Administrative Agency Law, 2 Pa. C. S. §703(a); *Stouffer v. Pennsylvania State Police,* 76 Pa. Commonwealth Ct. 397, 464 A.2d 595 (1983); *Haigler v. Unemployment Compensation Board of Review,* 75 Pa. Commonwealth Ct. 633, 462 A.2d 954 (1983).

Having disposed of all of Ward's contentions in favor of the Board, we shall, therefore, affirm the Secretary's order.

ORDER

AND Now, this 22nd day of August, 1985, the Order of the Secretary of Education for the Commonwealth of Pennsylvania at Teacher Tenure Appeal No. 14-82, dated May 8, 1984, which dismissed the appeal of Eric Ward and sustained the decision of the Board of Education of the School District of Philadelphia is hereby affirmed.