530 A.2d 1044

Marie Equi, Petitioner *v.* Board of Education of the School District of Philadelphia, Respondent.

Argued June 9, 1987, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Thomas J. Ericson,* with him, *Matthew D'Annunzio,* for petitioner.

*Patricia A. Donovan,* Assistant General Counsel, with her, *Andrew Rosen,* for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 11, 1987:

Marie Equi appeals an order of the Secretary of Education (Secretary) upholding her dismissal by the Philadelphia School District (District) pursuant to Section 1122 of the Public School Code of 1949 (Code).[1] We reverse.

Equi, a tenured teacher, worked for the District for approximately nineteen years when she was dismissed for persistent and willful violation of the school laws. The Secretary affirmed Equi's dismissal on the grounds that she failed to retire after all sick leave benefits were exhausted,[2] in accordance with district policy.

Our scope of review of the Secretary's order which affirmed a school district's dismissal of a tenured teacher is limited to determining whether an error of law was committed, constitutional rights were violated, or necessary findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Ward v. Board of Education,* 91 Pa. Commonwealth Ct. 332, 496 A.2d 1352 (1985). Substantial evidence has been defined as such relevant

---

[1] Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1122.

[2] The School District of Philadelphia's Office of Personnel and Labor Relations Extended Absence Policy, as codified by Policy No. 5.1(III)(A) and (B) and applied in standard school practice, requires school district employees whose extended absences total one year or 190 days to be separated from service unless they retire, resign, or make special arrangements with the Executive Director of Personnel and Labor Relations (Finding of Fact No. 9, Board of Education, School District of Philadelphia, Decision dated October 26, 1985).

evidence as a reasonable mind might accept as adequate to support a conclusion and must be more than a mere scintilla of evidence or suspicion of the fact to be established. *Id.* at 336 n. 2, 496 A.2d at 1354 n. 2.

Equi contends that her discharge was in violation of the Code because her absences were due to legitimate, involuntary illness. Thus, she argues the Secretary erred in sustaining her dismissal for willful failure to retire or resign. We agree.

Dismissal of a professional tenured employee is governed by the Code and must be on the basis of specifically enumerated grounds. Section 1122 of the Code states, in relevant part:

> The only valid causes for termination of a contract heretofore and hereafter entered into with a professional employe shall be immorality, incompetency, intemperance, cruelty, persistent negligence, mental derangement . . . *persistent and willful violation of the school laws* of this Commonwealth on the part of the professional employe. . . .

(Emphasis added.)

We have consistently held that the word "willful" suggests the presence of intention and some power of choice. *Lucciola v. Commonwealth*, 25 Pa. Commonwealth Ct. 419, 360 A.2d 310 (1976). Here, the District stipulated that Equi's absence was due to legitimate illness. Absenteeism due to a legitimate disability from working does not constitute a willful violation. *Clairton School District v. Strinich*, 50 Pa. Commonwealth Ct. 389, 413 A.2d 26 (1980).

However, the Secretary concluded that "the willful misconduct involved herein is Ms. Equi's refusal to resign or retire, not her illness."[3] The Secretary cited dis-

---

[3] Department of Education, Teacher Tenure Appeal No. 14-85, dated April 24, 1986, p. 8.

trict policy No. 5.1(III)(A), which states in pertinent part:

> An employee who has been continuously absent because of illness and is unable to return to duty after expiration of one year must retire or resign unless the Executive Director of Personnel and Labor Relations approves an extension with full loss of salary.

The effect of this policy is to present a tenured employee with a "Hobson's choice" because she must "choose" to resign due to illness or be fired for not resigning if arrangements cannot otherwise be made. Characterizing the dismissal as her failure to retire or resign rather than a dismissal due to illness subverts the real basis for her separation from employment. This semantic exercise should not cloud the reasons for dismissal. We hold that Equi's refusal to resign or retire because of extended absences does not constitute a willful and persistent violation of school laws.

Although we have previously held that *abuse* of sick leave may constitute proper grounds for dismissal of a tenured professional employee under Section 1122, *Bethel Park School District v. Krall,* 67 Pa. Commonwealth Ct. 143, 445 A.2d 1377 (1982), *Cert. denied, Krall v. Bethel Park School District,* 464 U.S. 851 (1983), our review of the record indicates that the Secretary made no finding that Equi's absences constituted an abuse of the sick leave policy. Indeed, as noted before, the District stipulated to the legitimacy of Equi's absences due to illness.[4]

Accordingly, we are constrained to reverse the order of the Secretary.

ORDER

The order of the Secretary of Education, No. 14-85 dated April 24, 1986, is reversed.

---

[4] N.T., 4/12/84, pp. 82; 140-41.

ORDER

Upon consideration of petitioner's motion for clarification/supplemental order, it is ordered that said motion is granted. This matter is remanded to the Secretary of Education for a determination and hearing as to whether petitioner was available for work and entitled to backpay.

Jurisdiction relinquished.